## Case No. 4,449.

EMIGH v. PITTSBURGH, FT. W. & C. R. CO.

[4 Biss. 114.][1]

Circuit Court, D. Indiana. Nov. Term, 1867.

Ketchum & Mitchell, for plaintiff.

Hendricks, Hord & Hendricks, for defendant.

McDONALD, District Judge. This is an action on the case for wrongfully putting the plaintiff off a train of the defendant's passenger cars.

There are two counts in the declaration, and a demurrer to the whole declaration is filed, for the cause that there is a misjoinder of counts.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

The first count is undoubtedly in case. But the defendant insists that the second count is in assumpsit and not in case.

The charge in the second count is substantially as follows: that the defendant was a common carrier of persons from Pittsburgh through Indiana to Chicago; that for a valuable consideration paid to the defendant, the defendant agreed with the plaintiff to carry him over said road from 1866 till 1870, giving him annual passes so to be carried; that in March, 1867, the defendant received the plaintiff on the defendant's cars at Pittsburgh to be carried on said road to Fort Wayne, in pursuance of said agreement, and carried plaintiff to a point within five and one-half miles of Fort Wayne, when the defendant (having before refused the plaintiff said annual pass) by an agent of the defendant, and then the conductor on the train, refused to carry the plaintiff any further, unless he would pay fare for his passage; that the plaintiff insisting on his right under said agreement, the conductor stopped the train in the open country far from any depot, and there, by threats of violence, obliged the plaintiff to quit the train, and left him with his baggage, where he had no means of conveyance to the place whither he was bound, at the dawn of day and exposed to the cold; and that by reason of the premises he suffered, &c., and was delayed in his business, &c., and sustained damages to the amount of $5,000.

The defendant insists that this count is in assumpsit, because it is founded on a contract. It does, indeed, by way of inducement, set out a contract. But, if that circumstance necessarily destroys its character as a count in case, then the first count is in the same predicament, for it also sets forth a contract, and a contract, too, very similar to the one in the second count.

As I understand it, the subjects proper for action on the case are of two distinct classes. First, where there is a tort committed, without force, on the person, character, or property of the plaintiff, entirely unconnected with any contract. Secondly, when there is a contract, either express or implied, from which a common law duty results, an action on the case lies for a breach of that duty; in which case the contract is laid as mere inducement, and the tort arising from the breach of duty as the gravamen of the action. Thus if a lawyer or a physician is engaged by special contract to render professional services, and if, in the performance of such services he is guilty of gross ignorance or negligence, an action on the case will lie against him, notwithstanding such special contract. So this form of action lies against agents, wharfingers, and common carriers, whether they be acting under a contract express or implied. Indeed, nothing is more common in the common law courts than the action on the case against common carriers of goods, though their engagements are always on contract express or implied. If I hire a man to carry goods from Indianapolis to Cincinnati, and he wrongfully leaves them on the way at Lawrenceburgh, no lawyer will doubt that an action on the case will lie for this breach of duty. The present case is that of a common carrier of persons; but can there be any difference on the point in question between the carrier of men and the carrier of merchandise? The authorities to this effect are numerous. I need only cite 1 Chit. Pl. 132–134, and the cases there referred to in support of the doctrine.

I entertain no doubt that both the counts in the declaration are properly counts in case. The demurrer is therefore overruled.