## SCHROERS v. FISK.

1. The forms of actions are abolished, but neither the natural classification of actions according to substance, nor the distinctions between the character of actions, are dispensed with.
2. If judgment is rendered for the defendant on demurrer to the declaration or to any material pleading in chief, the plaintiff can never after maintain, against the same defendant or his privies, any similar or concurrent action for the same cause, upon the same grounds as were disclosed in the first declaration.

*Error to Superior Court of Denver.*

THE complaint in this action alleges, in substance, that
the Denver Fire Insurance Company was a corporation
organized under the laws of this state; that it had ac-
cepted, under its corporate seal, certain bills of exchange
(one of them having been drawn by the plaintiff), and
had executed certain promissory notes for the several
sums of money, and payable to the respective parties,
stated and named in said instruments; that they had
been assigned to the plaintiff, and that all of them are
due and unpaid. The defendants named in the complaint
are Fisk, Russell and Moulton; and the ground of action
alleged against them is that they were directors of the
insurance company during the years the indebtedness
represented by these several instruments were contracted,
and that the insurance company failed to make, file and
record its annual reports for said years, or any of them,
as required by statute, by reason whereof the defendants
became jointly and severally liable, under the statute, for
said debts. Defendant Fisk, who was the only one served
with process, and the only one who appeared to the
action, answered, *inter alia*, that the plaintiff on Decem-
ber 26, 1882, instituted an action in the district court of
Arapahoe county against the defendant and other per-
sons, all of whom were directors of the said insurance
company, for the recovery of the same indebtedness speci-
fied in the present complaint. The defendant demurred
to the complaint, and his demurrer thereto was sustained
by the court, as was also his demurrer to plaintiff's
amended complaint subsequently filed in said cause, and
thereupon, by consent of plaintiff, final judgment upon
the last-mentioned demurrer was entered by the court in
favor of the defendant, which judgment still remains in
full force. Upon a hearing in the superior court of the
issue joined upon this plea of former recovery, a tran-
script of the pleadings and proceedings had in said dis-

trict court was produced in evidence, and, upon consideration of the law and the evidence, the court held the matters complained of in the present action to be *res adjudicata*, and gave judgment for the defendant. The amended complaint, filed in the district court, shows that the same persons as those named in the present action were defendants, together with three other persons, but that all of them were alleged to have been directors of the insurance company; also, that the claims against the insurance company sought to be recovered in both actions are the same, save that thirty-one bills of exchange and promissory notes, aggregating the sum of $6,764.50, were included in the complaint filed in the district court, while only twenty-eight of the same, aggregating the sum of $6,326.70, are included in the present action. The amended complaint alleges that defendant Fisk and others, in the month of August, 1881, with intent to defraud and deceive the public, and particularly the plaintiff and persons thereinafter named, confederated and combined together under the name of the "Denver Fire Insurance Company," with the pretended object of insuring property, real and personal, and crops, whether growing or harvested, against loss by fire, lightning, tornadoes and hail storms, and other perils and casualties; that, in furtherance of their fraudulent scheme, the defendants made and filed in the office of the secretary of state, and in the office of the recorder of deeds of Arapahoe county, a paper purporting to be a certificate of incorporation, wherein the defendants purported to have associated themselves together under the name of the "Denver Fire Insurance Company," for the purpose of becoming a body politic and corporate under the laws of the state; that the pretended certificate of incorporation was in the usual form as prescribed by the statute of the state relating to manufacturing and trading corporations; and announced, among other things, that the object of such association was to insure property, real and personal,

against loss or damage by fire and lightning; that its capital stock was $1,000,000; and named the said defendants and others as trustees for the first year. The subsequent averments are, substantially, that no other certificate or paper whatsoever relating to the affairs of the company was ever filed or recorded, as required by the statute; that the board of directors was organized by the election of a president, vice-president and secretary; that stock-books were prepared and printed; and that the defendants, to carry out their deceit and imposition, and for the purpose of making themselves eligible as officers and trustees under the certificate of incorporation, which required trustees to be stockholders, appropriated to themselves the pretended capital stock, giving therefor spurious checks, drawn upon banks in which they had no funds; and, after taking these various steps, preparatory to the consummation of their deceitful purposes, they published to the world that the company was a corporation duly created and organized, stating the amount of its capital stock, and the object and purposes of its organization. Then follows an averment of the reorganization of the board of directors in the month of January, 1882, which consisted of the defendants named and others, and "that the said pretended board of trustees, as above constituted, continued to act as such board during the time the liabilities hereinafter set forth were incurred; had the care and supervision of the said business, and were charged with the duty to see that the said business was properly managed, and that all statements relating thereto were properly and truthfully made;" that, for the purpose of accomplishing their corrupt and wicked designs, and to give a false and fictitious credit, and to obtain business, the defendants knowingly published false statements of the amount and character of the assets of said insurance company, and the large amount of its paid-up capital stock; whereas, the truth is, said company was not the owner of assets of any value whatever,

and had no paid-up capital stock. That the plaintiff and his assignors, supposing the representations to have been made in good faith, and believing them, were thereby induced to insure their crops in said company; that they paid the premiums demanded, and, while their policies were in full force, their crops were destroyed by hail-storms; that the losses were adjusted by the company, and the said notes and bills of exchange given in liquidation. In connection with the averments concerning the fraudulent means by which the parties were induced to insure their crops, it is alleged that, at the time the defendants advertised that the company would insure growing crops, it was not, and never had been, a valid body corporate, and that no body corporate known by that name had then been created for the purpose and object of insuring growing crops against loss and damage by hail-storm.

Messrs. DECKER and YONLEY and OWEN McGARR, for plaintiff in error.

Messrs. STALLCUP and SHAFFROTH, for defendant in error.

BECK, C. J. The main question presented for our decision by this record is whether the plea of former recovery interposed in the superior court to the plaintiff's complaint by defendant Fisk was properly sustained. The parties and the cause of action were the same in both cases. The rule of law applies, therefore, that the *prima facie* presumption is that the questions presented for decision were the same, unless it appears that the merits of the controversy were not involved in the issue. If the former suit was brought to enforce the same rights sought to be remedied by the present action, and the judgment pleaded was upon the merits, the bar is complete.

Upon examination of the transcript of proceedings of

the former action in the district court, produced in evidence upon the trial in the superior court of the issue joined on the plea of former recovery, it appears that said Fisk and his co-defendants were charged in the prior suit with the same wrongs, among others, alleged against them in the present proceeding; that they were committed by them in the same official capacity, to wit, as directors of the Denver Fire Insurance Company, and that they resulted in the same alleged damages to the plaintiff. Copies of the same obligations of the insurance company were made exhibits in the complaints in both cases, save that three of those set out in the amended complaints filed in the district court do not appear in the complaint filed in the present action. The measure of damages, also, is the same in both cases.

It is earnestly contended by counsel for plaintiff in error that the present suit is a wholly different kind of an action from that instituted in the district court; that it is based upon an essentially different right or ground of recovery, and that the judgment upon the demurrer in the prior suit did not go to the merits of the controversy, and for these reasons is not a bar to the present action. Counsel say the former action was *ex contractu;* that it was brought upon the promissory notes and bills of exchange given and accepted by the insurance company in liquidation of the losses sustained by the insured, not as the contracts of the company, but as the contracts of the defendants, on the theory that there never existed a corporation known as the "Denver Fire Insurance Company." Upon the other hand, they say the present action is in form *ex delicto;* that it asserts the organization and existence of a valid corporation, of which the defendants were directors, and that the ground of recovery against them stated and relied upon was the failure of the corporation to make, file and record its annual statements, as required by the statute, in consequence whereof the directors became individually liable for the

debts of the corporation. Counsel are correct in their
propositions respecting the character of the present
action, and the ground of recovery relied upon, but we
cannot indorse their propositions as to the point of vari-
ance between this and the prior suit. Concerning the
supposed theory of the amended complaint, filed in the
district court, that the insurance company never was a
corporation, an inspection of the complaint shows that
such could not have been the theory of the pleader, for
he alleges a compliance with the forms and requirements
of the statute on the part of the corporators, in the or-
ganization of the insurance company; the filing of the
certificate of incorporation, naming the persons who
should constitute the board of directors for the first year,
its organization by the election of a president, vice-presi-
dent and secretary; the opening of books, and the issuing
of a prospectus and statement, proclaiming the organiza-
tion, the purposes thereof, the amount of capital stock,
etc. The amended complaint shows that the company
had a seal, stock-books, and that it issued policies of in-
surance and transacted business under its corporate name
and seal; that the defendants named in both actions, with
others, assumed the management of its affairs on a cer-
tain day, and were acting as its board of directors when
the liabilities complained of were incurred; that they
"had the care and supervision of the said business, and
were charged with the duty to see that the said business
was properly managed, and that all statements relating
thereto were properly and truly made." The losses set
out as the measure of damages, also, are alleged to have
occurred while the contract of insurance was in full force.
It is true, every act done and step taken is charged to
have been performed in furtherance of the original
scheme to defraud the public generally. It is also true
that, in the thirteenth paragraph of the amended com-
plaint, it is averred that at the time the defendants
caused it to be advertised that the company would insure

growing crops against hail-storms, the company was not a valid body corporate; but this averment appears to have been based on the alleged fraudulent intents and purposes of the corporators in the organization of the corporation, upon which fraudulent conspiracy, together with the alleged deception and fraud practiced in the conduct of its affairs, the liability of the defendants for the damages due the plaintiff were predicated. The contracts of insurance are referred to as the contracts of the defendants, but it is averred that they were made in the name of the company, and the policies so issued. Upon the allegations of this complaint there appears to have been such a compliance with the forms of law as to constitute a corporation *de facto*, and one that would have required a direct proceeding to dissolve, while it assumed to do business under its charter. *Murphey v. Mooney*, 5 Colo. 282; *People v. Cheeseman*, 7 Colo. 376. That the character of the prior action was not *ex contractu* is apparent from the form of the averments. Nearly, if not quite, every paragraph of those lengthy pleadings, the original and amended complaints, are prefaced with charges of intent to deceive and defraud the patrons of the company, or with violations of the statute in the conduct of its business. The basis of the action was tort, and the ground of recovery against the defendants relied upon was their participation in the tortious acts complained of. The contracts of insurance, and the contracts of the insurance company in liquidation of the losses sustained by the plaintiff and his assignors, are set out or alleged, but a legal construction of the amended complaint, as a pleading, requires us to hold that these contracts are averred as matter of inducement, while the liability of the defendants is based, as above stated, upon their tortious acts and wrongful omissions of duty. The *gravamen* of the complaint being tort, it follows that the nature of the former as well as the pending action is *ex delicto*. Under the former system of pleading the prior

action would have been termed an "*action on the case.*" The forms of actions are abolished, but neither the natural classifications of actions according to substance, nor the distinctions between the character of actions, are dispensed with. Bliss, Code Pl. §§ 5, 6, 9. The amended complaint contains the elements of the former action on the case. The injuries sustained by the plaintiff and his assignors are laid as resulting from the torts of the defendants. The character of the charges against them is that of *non-feasance, misfeasance* and *malfeasance* in office, as directors of a *de facto* insurance company. The contracts averred are laid as inducement, and the basis of recovery, while the action itself is grounded upon the torts charged, in manner corresponding with the old practice. 1 Chit. Pl. (16th ed.) 148 *et seq.;* Puter, Pl. ch. 8. "In actions founded on torts connected with contracts, so much of the contracts must be stated as is necessary to describe the wrong, and so much as qualifies the nature and character of the wrong." *Newell v. Horn,* 47 N. H. 382; *Railroad Co. v. Constable,* 39 Md. 156. "As I understand it," said Justice McDonald in *Emigh v. Railroad Co.* 4 Biss. 114, "the subjects proper for action on the case are of two distinct classes: *First,* where there is a tort committed without force on the person, character or property of the plaintiff, entirely unconnected with any contract; *secondly,* when there is a contract, either express or implied, from which a common-law duty results, an action on the case lies for a breach of that duty; in which case the contract is laid as mere inducement, and the tort arising from the breach of duty as the *gravamen* of the action."

The case of *Salmon v. Richardson,* 30 Conn. 360, is quite similar, in many particulars, to the case presented by the amended complaint. The plaintiff charged that he was induced to insure his property in the Bridgeport Insurance Company, through the false and fraudulent representations of the defendants, made by them as di-

rectors of said company, concerning its assets and financial condition. The declaration alleged "that   *   *   * for the purpose of giving the company a false and fictitious credit, and to increase the business of said company, the said directors, the defendants, did falsely and fraudulently represent and publish to the world, as and for the true condition of the affairs of said company, that the said company was possessed of a very large amount of property, of great value, to wit," stating its assets to be of the value of $367,147.12; that the plaintiff, relying upon the representations so made, insured his property in the company, and paid the premium required; that his property was destroyed by fire, without his fault, proof of loss made in the manner prescribed, and a failure to pay the loss; that the company was not the owner of the assets specified, nor of any valuable assets, but was wholly insolvent, all of which was well known to the defendants. The foregoing averments are so similar in form and substance to those contained in this amended complaint as to render it probable that they may have been used as a precedent. That was an action on the case against the directors of the Bridgeport Insurance Company to recover the amount due the plaintiff on a policy of insurance. The declaration set out the contract of insurance in connection with the tortious acts of the directors which induced him to enter into it, and alleged the failure of the company to pay the insurance money. The court held that the action was not founded upon the contract, but upon the fraud of the defendants in inducing the plaintiff to enter into it; that, while no suit could be maintained against the directors upon the contract, it being the contract of the corporation and not of the directors, for which reason no privity of contract existed between the plaintiff and the defendants, yet the defendants having availed themselves of the facilities afforded by their office and position as directors to perpetrate a fraud upon the plaintiff for the benefit of the corpora-

tion, and for their own pecuniary profit, they were personally liable for the injury sustained by the plaintiff.

In the suit brought in the superior court a single ground of recovery was relied upon, viz., the failure of the corporation to make, file and record the annual report of its financial condition as required by section 16, chapter 19, General Statutes, which provides that a failure to comply with the requirements, in cases like this, where the capital stock is not fully paid in, shall make the directors of the corporation jointly and severally liable for all debts contracted during the year preceding. The right of recovery in the *former* action, as disclosed by the amended complaint, was based on *two grounds:* One was the failure to make and file the annual report, in conformity with the requirements of the statute; the other was based upon the malfeasance of the directors in the administration of the affairs of the corporation; the false and fraudulent publications made or authorized by them concerning the large amount of paid-up capital stock which it owned; the false statements concerning its assets and liabilities, and the fraudulent diversion of its business into channels not authorized by its charter. It is not within the purview of this review to pass upon the *sufficiency* of the amended complaint to support the action upon both or either of the grounds above mentioned. Undoubtedly it was defective or the demurrer would not have been confessed. But the material question is, Were the same rights involved in both suits, supported by the same facts? The question has been fully answered. The character of the two actions is the same. The complaints in each show a corporation *de facto*. Both charge a wrongful neglect of duty, which makes the defendants, its directors, jointly and severally liable for the debts of the corporation under the statute. The same claims or debts for which the directors are sought to be made liable in the second suit were included in the first.

The objection that the former judgment did not go to the merits is not well taken. The same cause of action was stated, as we have seen, in both cases. Twelve grounds of demurrer were assigned to the amended complaint, some of them going directly to the merits of the action. The demurrer being confessed by the plaintiff, these grounds of demurrer were included, and the judgment, being likewise by consent, was a judgment upon the merits. " If judgment is rendered for the defendant on demurrer to the declaration, or to a material pleading in chief, the plaintiff can never after maintain against the same defendant or his privies any similar or concurrent action for the same cause, upon the same grounds as were disclosed in the first declaration; for the reason that the judgment upon such a demurrer determines the merits of the cause, and a final judgment deciding the rights must put an end to the dispute, else the litigation would be endless. *Gould v. Railroad Co.* 91 U. S. 526. The judgment of the superior court must be affirmed.

*Affirmed.*