Bissell, P. J.,
delivered the opinion of the court.
Unless we greatly misread the record, the court rendered judgment for the defendants on the hypothesis that the issue had been previously disposed of in another suit between the same parties. This conclusion was undoubtedly erroneous, and necessitates a reversal of the judgment.
In 1883, Raymond Kaltenbaeh brought replevin suit in the superior court against one Yon Richthofen and his wife to recover the possession of an “ Orchestrion.” He gave the statutory bond which was signed by three of the present defendants as sureties. That suit proceeded to judgment, and the defendants were adjudged entitled to the return of the instrument or its value. Afterwards the present appellant, Charlotte R. Gallup, brought suit in the superior court against Kaltenbaeh and his sureties to recover the value and damages for the detention. The defendants demurred to the complaint, and the demurrer was sustained; but the entry reserved leave to the plaintiff to amend her complaint as she might be advised within a time named. Before the expiration of this limit, the plaintiff came into court and asked that the cause be dismissed at her cost, which was accordingly done. This was on the 16th of February, 1885. In August, 1888, the present suit was brought, and the complaint contained all the formal and necessary averments to state a good cause of action on the bond against these defendants. The allegations were apt to show the liability of the obligor and the assignment and transfer of the instrument to the present plaintiff. The defendants answered, set up a tender of the instrument and a refusal to receive it, and likewise pleaded the former recovery in bar of the present action. The plaintiff replied. There were various amendments to the plea of a former recovery and to the replication; but they resulted in presenting very sharply the issue as to the conclusiveness *298 of the former judgment. We shall not concern ourselves with the issue as to the tender, because we are well satisfied that the case turned on the other question. We leave that issue to be tried hereafter. It is not difficult to ascertain the law by which the rights of these parties must be determined, and it will prove but little more troublesome to apply it to the case. The plea of res adjudioata is almost as familiar to the profession as the general issue, although occasionally there is some difficulty in its application. Its limits need not be ascertained, nor are we compelled to enter the disputed field, embracing that class of cases wherein it must be determined whether the point was actually at issue, or whether it might with reasonable diligence have been brought forward and settled in the former suit. The only proposition with which we are concerned is that which relates to the rendition of a judgment upon demurrer, under the circumstances shown by the record offered in support of the plea. It was formerly questioned whether a judgment on demurrer would operate as a bar to another suit between the same parties on the same cause of action. This question has been set at rest, and it may now be deemed established that a judgment rendered upon any pleadings setting forth the facts is as conclusive concerning them as would be the verdict of a jury — for while one is a finding by a tribunal concerning the truth of .the matters in issue, the other is a solemn admission by the record which determines the merits of the case. It is essential to the application of this rule, that it be evident from the record that the merits of the case were heard and disposed of on the first trial. If, for any reason, the first complaint failed to state a cause of action, a judgment on demurrer would not be a bar. As strongly put by Mr. Justice Clifford in the case cited from the 91 U. S.: “ Support to those propositions is found everywhere; but it is equally well settled, that, if the plaintiff fails on demurrer in his first action from the omission of an essential allegation in his declaration which is fully supplied in the second suit, the judgment in the first suit is no bar to the second, although the respective *299 actions were instituted to enforce the same right; for the reason that the merits of the cause, as disclosed in the second declaration, were not heard and decided in the first action.” These principles are very well established by the authorities, and there is in modern times an almost uniform course of similar judgments upon those questions. Gould v. E. & C. R. R. Co., 91 U. S. 526; Terry et al. v. Hammonds et al., 47 Cal. 32; Aurora City v. West, 7 Wallace, 82; Keater et al. v. Hook et al., 16 Iowa, 23; Birch, etc., v. Funk, 2 Metc. (Ky.) 544.
The only proposition remaining to be examined to sustain the conclusion arrived at by the court respects the contention that the complaint in the original suit brought by Charlotte E. Gallup failed to state a cause of action. Of this there can be no question. In most respects the two complaints are entirely concurrent. The chief difference relates to the averment of title to the bond which is the gravamen of the suit. In the original action, she simply averred that she was the owner of the cause of action which had accrued to Mrs. Von Eichthofen by reason of Kaltenbach’s failure to maintain his replevin suit. But it was nowhere alleged that the bond on which this present suit was instituted had been assigned or transferred to her, so that she was entitled to sue the sureties bound by it. Whether it was or was not true that Charlotte had become so possessed by transfer of a right of action on that judgment that she might sue the original plaintiff in it, need not be determined. At all events, the complaint filed did not state a cause of action on the undertaking executed in the original replevin suit. The present complaint does. This very'substantial and essential difference destroys the force of the plea of a former adjudication and permits the present action to be maintained.
We think there is another equally conclusive reason which operates to destroy the bar. There has been much discussion in the profession as to the circumstances under which a plaintiff may dismiss his suit, and thereby reserve to himself the right to re-commence his action. The present appeal *300 does not permit us to construe all the divisions of chapter 10 of the Code of 1887, so that the whole subject may be set at rest. We expressly limit what we say to the construction of the fourth subdivision of section 166, so that there can be no possibility of a misconstruction. We think the present case is entirely covered by that subdivision, and what the court did on the 16th day of February amounted to a dismissal of the suit on trial, after an abandonment by the plaintiff which in any event would preserve the right to re-bring suit. The judgment which the court entered on the 10th of February sustaining the demurrer was a conditional judgment, which preserved to the plaintiff the right to amend her declaration as she might deem proper. Under such circumstances, the judgment can in no sense be deemed final, until the lapse of the time allowed by the court in which the defective pleading may be amended. Whenever within such time the plaintiff comes in, and on the application of that individual, and before the rendition of the final judgment, the court enters an order dismissing the case, the judgment of dismissal must be taken to be within the power conferred by the fourth subdivision of the section, and the judgment will be taken to be one of dismissal, and not so far final on the merits as to be pleadable in bar to the complaint filed in the subsequent suit.
On either hypothesis, the plea of a former recovery was not sustained by the production of the record in the other suit.
The judgment will be reversed, and the case remanded for further proceedings in conformity with this opinion.

Meversed.