# SUPREME COURT

### OF THE

# STATE OF COLORADO.

## APRIL TERM, 1916.

[No. 8554.]

### HENRY ET AL., ADMINISTRATORS, V. THISLER.

1. JUDGMENT—*Petition to Revive.* Nothing is in issue which in any way affects the judgment as entered. (2, 3.)

2. ——*Construction of Record.* Petition to revive a judgment. Demurrer, assigning as grounds that the petition "does not state sufficient facts, etc.," and that "the judgment is not one that can lawfully be revived." Demurrer sustained, but no further action taken. The petition was not dismissed, nor did the plaintiff stand upon his petition. *Held,* impossible to determine upon what ground the demurrer was sustained; that if upon the ground first alleged the order was not *res adjudicata;* and if the court was of the opinion that the judgment was barred by statutory limitation, it was in error. *Jones v. Stockgrowers Bank,* 17 Col. App. 79. (3.)

3. ——*Limitation.* A judgment which was in force at the adop-. tion of c. 88 of the Laws of 1901 (Rev. Stat., sec. 3609), continued in force for the space of 20 years from its entry. (3)

*Error to Denver County Court.* Hon. IRA C. ROTHGERBER, Judge.

*Department.*

Mr. JOHN R. SMITH, and Mr. H. B. WOODS, for plaintiffs in error.

Mr. HUGH McLEAN, for defendant in error.

Opinion by Mr. Justice TELLER.

In July, 1897, the defendant in error recovered a judgment in the District Court against T. C. Henry, and in September, 1911, he filed in said court a petition for the revival of said judgment. A demurrer to this petition was sustained. Said Henry having subsequently died, the judgment was presented as a claim against his estate, and allowed by the County Court. The administrators bring the case here for a review of the judgment allowing the claim.

It is contended in behalf of the estate that in the proceedings to revive the judgment of the parties submitted to the court the question of the validity of the' judgment, and that the court, having sustained the demurrer, determined that the judgment was invalid, and that the court's judgment to that effect is *res adjudicata*.

To this the claimant replies that the court made no final determination of the question, but merely sustained the demurrer; and attention is called to the fact that after the ruling on the demurrer nothing further was done in the case; there was no election by petitioner to stand on the petition, and no order dismissing the petition was entered. Hence, it is pointed out, the authorities cited to the effect that a judgment on demurrer may be pleaded as *res adjudicata,* are not in point, there being in all those cases a final judgment on demurrer.

Chap. 19 of the Code, which prescribes the procedure to revive a judgment, provides for the filing of a petition "in the action," and for answer "in the same manner complaints are required to be answered." It further provides that: "if the court decides to revive the judgment, in whole or in part, it shall so order, and the papers and proceedings shall be attached to the original files in the case, and an entry of revivor made in the judgment docket and judgment book."

From this it appears that in such a proceeding nothing is presented to the court for determination which af-

fects the judgment as entered. The petition is filed in the original action, and the issue is as to the right of a revival of the judgment, as the situation is when the petition is filed.

In this case the court determined an issue of law raised by the demurrer, which alleged that the petition did not "state facts sufficient to warrant the issuance of said writ," and that it appeared "on the face of said petition that the alleged judgment is not one which can lawfully be revived by the court." Whether the court held that the petition was lacking in some matters prescribed in the Code, or that the judgment for some reason could not lawfully be revived, cannot now be determined from the record. If the former was the ground of the ruling, in the absence of any further action by the court or the petitioner, there is nothing in the record which can be regarded as *res adjudicata*. If the court held that the judgment was invalid by statutory limitation, in reliance upon a supposed ruling by the Court of Appeals (*Jones v. Stockgrowers' Bank,* 17 Colo. App. 79, 67 Pac. 177) such holding, being wrong under more recent decisions, was not effective to invalidate a judgment, as to which there was no need of revival. Had the court overruled the demurrer, and entered an order of revivor it would not have changed the situation, since the judgment was already in force for several years to come. Likewise a refusal to enter such an order could not have affected the judgment.

In any view of the case we cannot regard the abandoned proceeding in the District Court as affecting the rights of the claimant. The judgment had not expired by limitation. It was in force when the act of 1901 (chap. 88, Laws of 1901), was passed, and was thereby made valid for the term of twenty years from the date of its entry, that is, until 1917. *Balfe v. Rumsey,* 55 Colo. 97, 133 Pac. 97.

The County Court was right in allowing the claim, and the judgment is affirmed.

*Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE HILL concur.