No. 9590.

## JOHNSON v. WATKINS MEDICAL COMPANY.

1. PLEADING—*General Denial.* Judgment for plaintiff on demurrer to the general denial must be reversed.

2.—*Defense Lacking the Averment of Some Fact,* whether sufficient if such fact was avowed will not be determined.

3. ALLEGATIONS OF EVIDENCE—*and Vain Repetition,* censured.

*Error to the Larimer District Court, Hon. Neil F. Graham, Judge.*

*Department Two.*

On Application for Supersedeas.

Mr. H. E. CHURCHILL, Mr. R. W. FLEMING, for plaintiffs in error.

Mr. L. R. TEMPLE, Messrs, TAWNEY, SMITH AND TAWNEY, for defendant in error.

Opinion by Denison, J.

THE complaint charges the plaintiffs in error as sureties or guarantors of an indebtedness from one R. A. Brand to the plaintiff. The contract is attached to the complaint. The consideration of the contract of plaintiffs in error is an extension of said indebtedness and the granting of further credits to R. A. Brand. The answer, at 'great length and with much evidential matter and unnecessary repetition, in violation of the code, denies generally the whole complaint, except the breach, and attempts to plead as an affirmative defense that said R. A. Brand never executed the contract, and did not owe the debt, all of which plaintiff at the time of making the contract knew, but defendants did not. The plaintiff demurred and the court sustained the demurrer. Defendant stood by the answer; a motion for judgment on the pleadings was granted, and the defendants bring error.

The case must inevitably be reversed because a de-

murrer was sustained to a general denial. The principal question that has been argued in the briefs, however, is whether the fact that R. A. Brand did not execute the contract, which, at the time of its execution, plaintiff knew and defendants did not, constitutes a good defense. We are inclined to the opinion that it does, but we cannot determine the question because we do not think the defense is well pleaded. In none of the four defenses is it distinctly alleged that at the time of the execution of the contract the plaintiff knew and the defendants did not know that R. A. Brand had not executed it or that R. A. Brand did not owe the debt therein mentioned.

The motion for judgment on the pleadings was not necessary. A demurrer raises issues of law. The so-called hearing on demurrer is a trial of those issues. Unless the defeated party takes some further action, for example, by amending or pleading over, judgment follows as a matter of course.

The judgment should be reversed, with directions to permit the defendant to file an amended answer, avoiding unnecessary repetition and matters of evidence; and let such issues of law or fact as are thereby raised be determined.

Judgment reversed.

Garrigues, C. J., and Scott, J., concur.