No. 15,383.

HEISELT *v.* BROWN ET AL.
(184 P. [2d] 297)

Decided July 28, 1947.

Mr. MERLE M. MARSHALL, Mr. BEN E. ROBERTS, for plaintiff in error.

Mr. WALTER E. SCHWED, Mr. DARWIN D. COIT, for defendants in error.

MR. JUSTICE HILLIARD delivered the opinion of the court.

THE action is by the same plaintiff, and, with the exception that a certain surety company—only incidentally involved in any event, a defendant there, but not here—against the same defendants as in *Heiselt, Inc. v. Brown*, 108 Colo. 562, 120 P. (2d) 644. The case involves the same situation, and in setting it forth in the pleadings, similar allegations attend. In each instance there was prayer for legal and equitable relief. In the first case general demurrers to the complaint challenging the sufficiency of the facts to state a cause of action, were sustained below. Based thereon, the court, initially, granted

time within which plaintiff should elect between amending its complaint or standing thereon, at the expiration of which it chose the latter course. Thereupon, the trial court entered judgment of dismissal, which was affirmed on review.

In the present case, defendants answered: (1) That the action was barred by the three-year statute of limitations, S.L. 1939, chapter 125, page 448, section 1 (section 6 [1] chapter 102, 1945 Cum. Supp. '35, C.S.A.); (2) that since in the original case (108 Colo. 562) the parties materially interested were identical, and plaintiff therein sought, and herein seeks, to "recover * * * upon each and all the items of damages and claims which are the subject matter of this action, except only said claim set forth in paragraph 17 of this complaint for alleged expenses incurred by said plaintiff in the employment of a watchman [an item disallowed below, and not challenged on error]; that in said action said above-named defendants filed their demurrers upon the grounds, among others, that neither the complaint nor any of the separate causes of action or counts thereof stated facts sufficient to constitute a cause of action against these defendants, and that thereupon after full hearings said demurrers were sustained by the court," and the further proceedings below, and on error, were as already stated in the opening paragraph of this opinion; "that said judgment so entered is now in full force and effect; that the same has never been set aside, vacated, or held for naught, and that said judgment in said action was rendered on the merits, and defendants hereby plead the same in bar in this action in that said judgment of dismissal is res adjudicata of each and all of the items of claim and damage which are the basis of this action and which are sought to be relitigated herein, and that said plaintiff by virtue thereof cannot maintain this said action, and that the same should be dismissed." Defendants interposed two counterclaims, only the second of which, involving a promissory note issued by plaintiff

to another, of which, as alleged, "defendants are now the owners and holders," received attention below.

The court adjudged: (1) That plaintiff's claim was barred by the statute of limitations interposed by defendants; (2) that the previous judgment pleaded in bar of the action here was effective to that end; (3) that defendants should have judgment on the counterclaim involving the promissory note pleaded by them; (4) that plaintiff's claim stated in its complaint paragraph 17, referred to above, was not a claim recoverable, if at all, in this action.

We shall not pause to examine or determine the issue of the statute of limitations, the first basis of the trial court's judgment, and the determination by the court with relation to paragraph 17 of plaintiff's complaint, is not questioned on error, as already stated. Our discussion, therefore, will be confined to the plea of res judicata, and the counterclaim pertaining to the promissory note mentioned earlier.

 Res judicata. The record considered, and the demurrers in the former case, going, as appears, "to the merits of the action," being sustained, pursuant whereto judgment of dismissal was entered, we think such judgment "is as conclusive as a judgment entered on a verdict finding the facts." *Smith v. Cowell,* 41 Colo. 178, 92 Pac. 20. See, statement of doctrine in 50 C.J.S., page 167, section 709, where above case is cited. In *Schroers v. Fisk,* 10 Colo. 599, 16 Pac. 285, we quoted approvingly from *Gould v. Railroad Co.,* 91 U.S. 526, as follows: "If judgment is rendered for the defendant on demurrer to the declaration, or to a material pleading in chief, the plaintiff can never after maintain against the same defendant or his privies any similar or concurrent action for the same cause, upon the same grounds as were disclosed in the first declaration; for the reason that the judgment upon such a demurrer determines the merits of the cause, and a final judgment deciding the rights must put an end to the dispute, else the litigation would

be endless." "A demurrer raises issues of law. The so-called hearing on demurrer is a trial of those issues. Unless the defeated party takes further action, for example, by amending or pleading over, judgment follows as a matter of course." *Johnson v. Watkins Co.*, 66 Colo. 458, 182 Pac. 879. "It was formerly questioned whether a judgment on demurrer would operate as a bar to another suit between the same parties on the same cause of action. This question has been set at rest, and it may now be deemed established that a judgment rendered upon any pleadings setting forth the facts is as conclusive concerning them as would be the verdict of a jury." *Gallup v. Lichter*, 4 Colo. App. 296, 35 Pac. 985. Where the record shows that a demurrer to plaintiff's petition was sustained, and that "he stood upon said petition and refused to plead further," the judgment of the trial court in dismissing the petition "had the same force and effect as if the case had been tried on the merits before the court or jury, and the issues found for defendant. In other words, the judgment thus rendered in the former case became res adjudicata, as to the matters in issue between said parties." *Custer v. Kroeger*, 313 Mo. 130, 280 S.W. 1035, 44 A.L.R. 1328. The virtue of the plea of res judicata, as may be observed, is not the ruling on the demurrer, but the following judgment of dismissal of the case, as here. *Henry v. Thisler*, 62 Colo. 1, 155 Pac. 1177. It is clear, we think, that in no material matter does the case under consideration differ from the one pleaded in bar thereof. There are some additional allegations in the present action, but they are of the same general import as those in the earlier case. Not only so, but the matters comprehended in the additional allegations, so far as of gravity, if any, could as well have been set forth in the complaint in the first instance, and, if overlooked, by amendment thereof, as was plaintiff's accorded privilege, and of which it did not make avail. "The general rule of the extent of the bar, is not only what was pleaded or litigated, but what could have

been pleaded or litigated." *Northern Pacific R. Co. v. Slaght,* 205 U.S. 122, 27 Sup. Ct. 442, 51 L. Ed. 738.

■ The counterclaim. That plaintiff in error executed the promissory note involved, and for value, was not questioned, and that it had been transferred to defendant in error, Brown-Schrepferman & Co., for value, was established. Plaintiff sought to ascertain just when the note had been transferred, and for what consideration, but on the ground that immateriality attended, the court would not permit that line of inquiry. We cannot think the court ruled in error. *Sykes v. Kruse,* 49 Colo. 560, 113 Pac. 1013. In behalf of the original holder, as well as that of the pleaded holder, it was shown that no payments toward the discharge of the note had been made. Indeed, the maker of the note did not contend otherwise. Clearly, as we think, the note represented an item of indebtedness contracted by plaintiff in error in due course of business, was wholly unpaid, and for every legal purpose had become the property of the pleading defendant, in whose behalf judgment for the amount thereof was properly awarded below.

■ Another contention of plaintiff in error has to do with a bankruptcy proceeding. It appears that L. H. Heiselt (in his private capacity) had personally endorsed the note which he had given in his corporate capacity. Subsequently, as an individual, as it further appears, he was declared to be bankrupt. In that proceeding the original holder of the note caused it to be exhibited and allowed as a claim; but it was not alleged, nor shown, that the bankruptcy estate had assets, or that the holder of the note realized anything whatever as the result of the presentation of the claim there, or could hope to do so. We cannot think that proceeding should be regarded as of dignity requiring either denial or postponement of judgment against the maker of the note, as sought by way of counterclaim in this action.

On the whole case, as we are persuaded, the learned

54

trial judge proceeded in full light, and adjudged with understanding. Let the judgment be affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HAYS concur.