No. 17,391.

MASSACHUSETTS BONDING AND INSURANCE COMPANY *v.*
GINSBERG.

(278 P. [2d] 1018)

Decided January 10, 1955.   Rehearing denied February 7, 1955.

1

2

Mr. Isaac Mellman, Mr. Gerald Mellman, for plaintiff in error.

Mr. Sidney A. Emeson, Mr. Russel Eddy, for defendant in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

In the trial court defendant in error was plaintiff and plaintiff in error was defendant. We will refer to the parties as they there appeared, or by name.

The record discloses these essential facts: Bob Caldwell, doing business as Bob's Auto Sales, was a used-automobile dealer. He had certain dealings with Ginsberg who instituted an action numbered A-62736 in the Denver District Court against Caldwell and defendant Massachusetts Bonding and Insurance Company, based on alleged fraud and misrepresentation on the part of Caldwell, which in essence were that Caldwell fraudulently withheld from plaintiff the proceeds of certain automobile sales, wherefore he prayed for judgment against both Caldwell and the Bonding Company in the sum of $1,950, together with $2,000 exemplary damages.

Plaintiff in error was surety on Caldwell's bond, filed pursuant to chapter 78, S.L. Colo. 1945 (C.R.S. 1953, 13-11). Plaintiff in error filed a motion to dismiss said action, challenging the sufficiency of the facts to state a cause of action against it. This motion was sustained in March, 1949; thereafter an amended complaint was filed against Caldwell and his surety. A like motion to dismiss was interposed by defendant bonding company and sustained, and the action was by court dismissed as to plaintiff in error in April, 1949. The action then proceeded as against

Caldwell, and in March, 1951 judgment was entered in favor of Ginsberg and against Caldwell for $1,950.00.

On March 26, 1952 counsel for Ginsberg sued out a writ of error in this Court, directed to the judgment of dismissal entered in April, 1949. This writ of error was by this Court dismissed in July, 1952.

The instant action was commenced against defendant in April, 1951. The complaint alleged that Caldwell breached the conditions of the bond and that he failed to indemnify plaintiff for loss suffered by reason of Caldwell's fraud and "further failed to pay a judgment recovered against him based on fraud" in said cause numbered A-62736.

Defendant admitted the execution of the bond; denied liability thereunder; alleged that the judgment in action numbered A-62736 was not based on fraud or fraudulent representations; that said cause numbered A-62736 resulted in a judgment of dismissal as to defendant bonding company, and was res judicata.

Upon trial, the Court determined "there is no specific finding of fraud by Judge Steele" (who entered judgment against Caldwell). The trial judge further found the judgment of dismissal in favor of the bonding company was not res judicata, and rendered judgment in favor of plaintiff. The bonding company brings the cause here by writ of error.

By section 11, chapter 78 S.L. Colo., (C.R.S. 1953, 13-11-11), 1945, a person claiming to be aggrieved is authorized to sue the principal and surety on the bond either jointly or severally. In cause numbered A-62736 plaintiff elected to sue Caldwell as principal and the Bonding Company as surety on the bond.

Plaintiff having elected to bring the original action against both the principal and the surety, is bound by whatever took place in said proceeding. When the trial court in that suit entered a final judgment of dismissal it became a final determination as to the non-liability of the bonding company. That judgment still

stands. It is a bar to the instant action. *Newby v. Bock,* 120 Colo. 454, 210 P. (2d) 985.

Where a second action is on the same cause of action and between the same parties as a first action, the judgment in the former action is conclusive in the latter suit as to every question which was or might have been presented and determined in the prior action. In *Heiselt v. Brown,* 117 Colo. 48, 184 P. (2d) 297, we said: "The record considered, and the demurrers in the former case, going, as appears, 'to the merits of the action,' being sustained, pursuant whereto judgment of dismissal was entered, we think such judgment 'is as conclusive as a judgment entered on a verdict finding the facts.' *Smith v. Cowell,* 41 Colo. 178, 92 Pac. 20. * * * *Schroers v. Fisk,* 10 Colo. 599, 16 Pac. 285, we quoted approvingly from *Gould v. Railroad Co.* 91 U. S. 526, as follows: 'If judgment is rendered for the defendant on demurrer to the declaration, or to a material pleading in chief, the plaintiff, can never after maintain against the same defendant or his privies any similar or concurrent action for the same cause, upon the same grounds as were disclosed in the first declaration; for the reason that the judgment upon such a demurrer determines the merits of the cause, and a final judgment deciding the rights must put an end to the dispute, else the litigation would be endless.' "

A second claim asserted by plaintiff was based on Caldwell's bond filed pursuant to Ordinance 30, Series 1944 of the Municipal Code of the City and County of Denver. What we have said herein applies with equal force to the bond filed pursuant to said city ordinance.

We conclude that the plea of res judicata was good and should have been sustained by the trial court. As this requires a reversal of the judgment, we need not consider the other matters urged by counsel for the parties.

The judgment is reversed and the cause remanded with direction to enter judgment for defendant.

CHIEF JUSTICE STONE did not participate in the consideration of this case.