No. 19,314.

Georgia C. Eadon *v*. Maurice Reuler,
Conservator, etc.

(361 P. [2d] 445)

Decided May 1, 1961.

Mr. D. E. Johnson, for plaintiff in error.

Mr. Myron H. Burnett, for defendants in error Ernest Eadon and Maurice Reuler.

Messrs. Tarter & Tarter, Mr. Clinton M. Cole, for defendants in error Lee Goodbar and Paul V. Evans.

*In Department.*

Opinion by Mr. Justice Doyle.

This writ of error seeks review of a judgment dis-

missing a complaint seeking damages against attorneys who had acted for plaintiff in error, to whom we will refer as plaintiff or as Georgia, in a divorce action. The husband in the divorce action and his attorneys were also named as defendants, and the claims asserted against them were likewise dismissed by the trial court.

A divorce action was commenced by the husband, Earnest Eadon, on December 1, 1956, in the district court of Lincoln County. He was then represented by attorneys who, fortunately for them, withdrew before issue was joined. Maurice Reuler, a defendant in the present action, then entered appearance for Earnest. Georgia Eadon filed various motions, including requests for restraining orders against physical violence and disposition of property. Some of this relief was granted. Subsequently, Georgia Eadon, acting through the attorneys whom she is now suing, filed a verified answer and counter-claim. She denied the allegations of the complaint, prayed for divorce on the charge that Earnest had been "extremely and repeatedly cruel toward the defendant, without cause, and that the acts of cruelty were committed within the State of Colorado." It was not until June 10, 1957, that the matter came on for trial. The case was then heard as a non-contested matter and a decree of divorce was granted on the counter-claim of Georgia. On June 22, 1957, an order was entered granting temporary alimony. There were subsequent interlocutory property orders and finally in December 1957, the cause was heard on final division of property. A further order dated January 29, 1958, divided the property between the parties on an equal basis.

Subsequent proceedings included a request by Messrs. Evans and Goodbar, who had represented Georgia, to withdraw from the case and for an allowance of an attorney's fee. Present counsel for Georgia, Mr. D. E. Johnson, at first opposed the payment of fees to Evans and Goodbar, but later stipulated to the payment of one-half of the request, the sum of $500.00, from funds on

deposit. This appears in an order of March 24, 1958. Later Georgia and attorney Johnson opposed this payment on the ground that their agreement to it had been given without full knowledge of the facts.

The sequence of events leading to the present action commenced on May 8, 1958. A motion was filed by Georgia, through her present counsel Johnson, to set aside and vacate the divorce decree and property settlement, claiming that her former attorneys, Evans and Goodbar, had conspired and connived with Earnest, his attorney and W. H. Moulton, former attorney for both ·Georgia and Earnest, to obtain the divorce decree and the alleged inequitable distribution of property decreed in the order of January 28, 1958. Particular emphasis was given to the failure of Georgia's former counsel to advise her that the interlocutory decree could have been set aside on her motion during the six month interlocutory period which then existed. Also relied on was the participation of her counsel in the taking of Moulton's deposition and their failure to object to its use on the ground of privilege.

Hearing on this motion was had on June 25, 1958, and at that time counsel for Georgia made an extensive offer of proof designed to substantiate the allegations of fraud, conspiracy and connivance. The gist of his showing was that a proper alignment of the evidentiary matter would have produced a far different disposition of the property; that Georgia was entitled to the lion's share by virtue of her arduous work and because in 1929 she paid off a $168.00 debt of Earnest and was entitled, through a parol agreement made at that time, to all the property subsequently acquired.

The trial judge, Honorable John Meikle, granted the defendants' motion to strike which attacked the material in Georgia's motion as scurrilous and scandalous. The judge commented at length on the property settlement agreement which had been theretofore entered, and stated that his judgment would not have been modified

by anything advanced in the motion or the offer of proof. The court noted that it had not given weight to the deposition of Moulton and concluded that the division of property was just and equitable. In refusing to set aside the order dividing property, the court stated that the evidence failed to show any collusion with respect to obtaining the divorce or the entry of the property settlement. These comments are here pertinent:

"4. The Court further finds that there has not been any showing by the defendant of any nature whatsoever to *indicate the slightest taint of any fraud or connivance between Mr. Reuler, the attorney for the plaintiff and former counsel for the defendants,* Messrs. Goodbar and Evans, while representing her as said counsel. The only offer by which defendant sought to show such fraud and connivance was that the parties, through their attorneys, attempted to reach an amicable settlement as to the division of property. Such attempt failed and the matter was submitted to this Court at the hearing on December 11th, 1957, after which hearing, this Court made a determination of property rights and ordered a division of property as set forth by its decree and order dated January 27th, 1958.

"5. The Court further finds that any misconduct of either Mr. Goodbar or *Mr. Evans, as attorneys for the defendant, and the Court believes that there was none, did not involve Mr. Reuler, nor did it have anything to do with the issues between the parties;* therefore, all allegations of misconduct, fraud or connivance or both should be expunged from the record of this Court as scandalous and scurrilous." (Emphasis supplied.)

The denial of the motion to vacate was brought to this Court (Docket No. 18,823). The writ of error therein was dismissed for the failure to seek review within three months following the entry of final judgment.

Subsequently the present civil action was filed in the district court of Lincoln County, naming the various parties identified above. It purported to be a tort action

and contained the same tired old allegations which had been presented in the motion to vacate in the divorce action. It alleged that the defendants had:

"* * * colluded and conspired to procure a divorce for said parties, not desired by plaintiff, a division and court sale of plaintiff's separate property, through the wrongful services and aid of the defendant, W. H. Moulton, and did procure a final order of the district court, granting a divorce to the plaintiff, which she did not want, but which defendant Earnest Eadon did want, but had no grounds therefor, and did on the 11th day of December, 1957, procure a property settlement decree in consummation of defendants' plans and designs, to plaintiff's damages in the following items, to-wit: * * * "

The present action is predicated on the assumption that attorneys Goodbar and Evans agreed to obtain a divorce and to submit to the court the issues of property division contrary to the interests of their client Georgia. It alleged the misconduct of her attorneys in somewhat more extravagant terms than the motion to vacate the divorce decree had set them forth in that it positively charged that Georgia had demanded that the divorce be dismissed and that attorneys Goodbar and Evans had declined to abide by her desires. A further allegation is that they neglected to introduce evidence to disprove statements in Moulton's deposition.

Motions to strike and dismiss and seeking the issuance of a citation to Georgia and her attorneys for contempt were filed on behalf of defendants. Hearing on these motions was held on October 18, 1959, before a different judge, the Honorable Austin Hoyt, who, following a lengthy argument, ruled that the matters contained in the complaint had been previously adjudicated before Judge Meikle. The judge's comments clearly reflect his view that the cause was devoid of merit:

"The Court further found in that proceeding in the original case that the defendant made no showing whatever of any taint of any fraud or connivance between

the defendants in this case, Maurice Reuler, Lee Goodbar and Paul Evans, and that the only evidence that the defendant offered by the offer of proof would establish that they had made attempts to effect a settlement between the parties; that these attempts were not successful, and that after it failed the Court upon full hearing entered its order upon the evidence that was adduced at that hearing.

"It is the view of the Court that on the present motions in this action, Civil Action 1999, a full opportunity has been afforded the plaintiff in this action to present the very things which are alleged in the present complaint to the Court and that therefore the motions to dismiss must be sustained on the grounds that all the allegations of the present complaint are precluded under the doctrine of res adjudicata from being now litigated anew by this plaintiff in a new civil action filed against these defendants. This was the exception of the defendant, W. H. Moulton, who the Court finds was not in any way before the Court in the earlier proceedings either as a party or as a named conspirator and conniver. However, with respect to the defendant, W. H. Moulton, since all the allegations of the present complaint go to a conspiracy between defendants to defeat and deprive this plaintiff of her rights and property, the action should also be dismissed with respect to the defendant, W. H. Moulton since no defendant can conspire with himself or give rise to any action for conspiracy alone."

In seeking reversal of Judge Hoyt's order striking and dismissing the complaint, it is argued:

*First*, that the plea of *res adjudicata* was not sufficiently established by either pleadings or proof; that the judgment roll was not produced and that had it been offered it would have fallen short of revealing that the conspiracy-fraud issue had been previously adjudicated; that it would merely have shown dispositions of motions.

*Secondly*, that it was error for this Court to dismiss

the writ of error in Docket No. 18,823; thus depriving Georgia of a right to a hearing on the merits.

*Thirdly,* that there is not identity of parties, subject matter and relief sought as between the motion to vacate the divorce decree and the present complaint, and that consequently *res adjudicata* is not effective.

Defendant in error W. H. Moulton has not appeared in this Court. The other defendants in error contend that all of the matters raised in the present complaint were fully considered and adjudicated in connection with the denial of Georgia's motion to vacate the decree. It is said that all of the present allegations of fraud and conspiracy were presented and determined adversely to her. They rely on *Heiselt v. Brown,* 117 Colo. 48, 184 P. (2d) 297, which holds that once a judgment is rendered the aggrieved party cannot pursue another action based upon the same subject matter and directed to the same parties or their privies. They also rely on *Lane v. Rushmore,* 123 N. J. Eq. 531, 198 Atl. 872 (1938), which is similar to the instant case in that the New Jersey Court considered the right of a former husband to sue his ex-wife and the attorney for his ex-wife, alleging that they had conspired to produce an unjust result in divorce litigation. It was there held that defendant Lane, the attorney for the wife, was in privity with the wife, his client, and thus had been a party to the divorce action for the purpose of applying the doctrine of *res adjudicata* and that the determination in that action barred a suit against the former wife and Lane. In treating the privity question, the New Jersey Court said:

"The further argument that complainant, Lane, was not a party to the suit in this court seems to be that even if it was therein adjudicated that Mrs. Rushmore brought her suits in good faith such adjudication would not bind her husband in a suit against Mr. Lane, a third party. Omitting for the present the adjudication of good faith implicit in the award of counsel fees to Mr. Lane, that argument is without merit since the charge at law is a

conspiracy between Mr. Lane and Mrs. Rushmore to mulct the defendant Rushmore, by the bringing of the matrimonial suits in bad faith. There being but two alleged conspirators, neither can be held if the good faith of one is established. If Mrs. Rushmore stands acquitted of the charge of bad faith in this court, Mr. Lane is likewise acquitted."

■ It seems very clear that the case against Earnest Eadon and his lawyer is barred by Judge Meikle's adjudication. The very same issues were raised in the former case and the court carefully considered every item advanced by counsel for Georgia. She then sought review in this Court and seemingly decided to pursue the present action only because the writ of error in that case was dismissed. The previous disposition very clearly bars the present claims against Earnest and Maurice Reuler.

The action against Mr. Moulton, if indeed it can be dignified by calling it an action, is palpably without merit. His deposition was transcribed and became part of the file in the divorce action. There is not the slightest suggestion that his testimony was given pursuant to any conspiracy. The court was correct in its disposition of this purported claim.

We turn now to the claims against Goodbar and Evans. In assaying the charge that she was the unhappy victim of scheming lawyers, we first note that in the original divorce action Georgia filed a combined answer and counter-claim. This is contrary to the statements of Attorney Johnson that she was prevailed upon to withdraw her answer and to file a counter-claim. It is clearly apparent from the record in the divorce action that Georgia, acting through her attorneys, did on the 15th day of May, 1957, file a combined answer and cross-complaint. This pleading was signed by Georgia C. Eadon on May 14, 1957, and sworn to by her. Significantly, Georgia testified at the divorce hearing that she desired a divorce and she showed no disposition to change her mind as of the date of the property hearing, which was

not until December 11, 1957. It was only after the entry of the judgment dividing the property that Georgia became dissatisfied with the course of the litigation. We can assume that she would have been perfectly happy to have had the divorce had her husband been hospitalized or if she had received the lion's share of the property. Her unhappiness seems unquestionably to stem from the property division which she later deemed unsatisfactory. Under these circumstances, neither the allegations of her motion to vacate the divorce decree nor the allegations of her present complaint are entitled to serious consideration. A lawyer does not guarantee results. He merely undertakes to use his best skill and judgment. A result unsatisfactory to the litigant scarcely justifies a suit charging the lawyers with fraud and conspiracy. Efforts of a lawyer to obtain an amicable disposition do not subject him to a charge of treason.

██ The merits of this controversy have been fully considered by two highly competent trial court judges. Both have found an utter failure to establish even a suspicion of fraud and conspiracy. We have reviewed not only the record in the present case, but the record in No. 18,823 as well and are convinced from a careful scrutiny of the causes in their entirety that the claims under review are wholly lacking in merit. We deem it unnecessary to comment on the points raised by Georgia's counsel on this review as to the insufficiency of the judgment roll since the Court may take judicial notice of its own records and the truth is readily apparent from the records before us.

It is hoped that this unhappy litigation will now at long last be terminated and that the hapless litigants and lawyers will now be relieved from further supporting financially and otherwise this patently futile strife and contention.

The judgment is affirmed.

Mr. Chief Justice Hall and Mr. Justice McWilliams concur.