EARL L. BROWN, Appellant, *v.* EUGENE FLETCHER, Also Known as GENE FLETCHER, EUGENE SCHULER, DALE HORTON and WAYNE VAUGHN, Respondents.

No. 4671

October 2, 1964          395 P.2d 525

*Stanley W. Pierce* and *Don L. Griffith,* of Las Vegas, for Appellant.

*Jones, Wiener & Jones,* of Las Vegas, for Respondents.

## OPINION

By the Court, McNamee, J.:

This is an action brought by Brown to recover from Horton 45 percent of certain real property which

Brown alleges that Horton agreed to convey to him. Whether the agreement was oral or in writing is not alleged. The complaint was filed August 21, 1962.

On September 19, 1962 a stipulation was filed signed by Brown, his then attorney of record, by each of the defendants, and by Jones, Wiener & Jones, the defendants' attorneys. The parties therein stipulated to a dismissal of the action with prejudice. Pursuant to said stipulation the court on September 19, 1962 entered a judgment of dismissal. On April 12, 1963, more than six months later, Brown moved the court to vacate and set aside the judgment of dismissal and for permission to file an amended complaint. The motion was made upon the ground that the stipulation for dismissal with prejudice was obtained through "undue influence, duress, coercion and fraud, also fraud upon the court." This motion was heard on June 26, 1963. The record does not contain the minutes of such hearing. On July 3, 1963 the lower court signed a written order denying the motion. Appeal is from such order.

During oral argument counsel for appellant and for respondents conceded that the only evidence offered by the parties and considered by the court in determining said motion were the affidavits of Earl L. Brown, Joyce Hendrickson and Lovisa Travis. It is appellant's contention that the affidavit of Earl L. Brown shows extrinsic fraud by the following averments therein: "Affiant then contacted Albert M. Dreyer, an attorney, who filed a lawsuit in this matter. Subsequent to this Albert M. Dreyer was driven up to my office in a pickup truck by Thomas Hanley, an ex-felon charged with grand larceny with whom Albert M. Dreyer lives, and came into my office and stated to me that Thomas Hanley had talked to Dale Horton and Dale Horton said if affiant didn't withdraw this lawsuit then Dale Horton would have affiant's Contractor's License revoked, that Dale Horton knew important people in Reno and that he could accomplish this. That affiant then asked Albert M. Dreyer if he could really do this and Albert M. Dreyer informed affiant that there was no question about it. Affiant then replied that Albert M. Dreyer

knew his position: that he was in a contract worth over a quarter of a million dollars and that within the next six months he would be involved in over a million dollars worth of construction and if affiant lost his Contractor's License that it would result in his absolute financial ruin. Affiant then informed Albert M. Dreyer that he would have to sign and Albert M. Dreyer pulled out a paper, already prepared, and affiant signed the same. Then Albert M. Dreyer started back to the truck, at this time Thomas Hanley asked Albert M. Dreyer if he had got it signed and Albert M. Dreyer replied that he had. Thomas Hanley then yelled to affiant that he would never regret it and the two drove off. That there was absolutely no consideration for this release, that in fact affiant would not have executed this release except for the fraud, duress and coercion."[1]

It is readily apparent that this evidence neither expressly nor impliedly shows any fraud on the part of Dreyer or any of the respondents. Dreyer's statements are consistent with an honest endeavor on his part to obtain a disposition of the lawsuit satisfactory to his client.

"A lawyer does not guarantee results. He merely undertakes to use his best skill and judgment. A result unsatisfactory to the litigant scarcely justifies a suit charging the lawyers with fraud and conspiracy. Efforts of a lawyer to obtain an amicable disposition do not subject him to a charge of treason." Eadon v. Reuler, 146 Colo. 347, 361 P.2d 445, 450.

Affirmed.

BADT, C.J., and THOMPSON, J., concur.

---

[1] The Hendrickson and Travis affidavits substantially corroborate these averments.