## CORRUGATED CULVERT CO. v. SIMPSON TP., McINTOSH COUNTY.

No. 4817.    Opinion Filed September 14, 1915.

(151 Pac. 854.)

1.  **JUDGMENT—Conclusiveness—Demurrer to Pleadings.**  A judgment or decree rendered on demurrer to a material pleading on the ground that the facts therein stated are insufficient in law is as conclusive of the matters and things confessed by the demurrer as a verdict finding the same facts to be true; and such a judgment or decree, unappealed from, becomes a final judgment or decree upon the merits.

2.  **SAME—Res Judicata—Matters Concluded.**  A judgment or decree upon the merits is conclusive between the parties, and those in privity wth them, and the facts thus established can never thereafter be contested between them, even upon a different cause of action; and where the subsequent action is upon the same cause of action, not only the facts thus adjudicated are concluded, but all the material facts which might have been presented as constituting the claim or defense are concluded between the same parties or their privies.

3.  **SAME.**  Where a party brings an action upon an indebtedness for goods and material furnished, and a general demurrer on the ground that the petition does not state a cause of action is sustained, and judgment entered thereon becomes final, it is **res judicata** in an action upon a warrant issued by the township; the consideration for said warrant being the indebtedness sued on in the first action.

(Syllabus by McKeown, C.)

*Error from County Court, McIntosh County;*
*Frank W. Rushing, Judge.*

Action by the Corrugated Culvert Company against Simpson Township, McIntosh County, Okla.    Judgment for defendant, and plaintiff brings error.    Affirmed.

*Griffing & Hopper,* for plaintiff in error.

*Van Court & Reubelt,* for defendant in error.

Opinion by McKEOWN, C.  The Corrugated Culvert Company, plaintiff in error on the record here, filed its petition in the trial court on August 13, 1912, asking judgment against Simpson township, McIntosh county, Okla., defendant in error, for the sum of $402.63, with interest at 6 per cent. from July 5, 1910, upon a certain warrant issued on July 5, 1910, by the officers of the defendant township.

To the petition of the Culvert Company the township answered, and among several defenses set up was paragraph 3 of the answer, which is as follows:

"That all the matters and things set forth in plaintiff's petition filed herein have been by this court settled and adjudicated in a former action, wherein this plaintiff was plaintiff and this defendant, defendant.  Copies of plaintiff's petition in said cause, proceedings, and judgment of the court therein are hereto attached and made a part of this answer."

The substance of the petition referred to in paragraph 3 of the answer, and made a part of the same, is that the township is indebted to the Culvert Company in the sum of $402 "on account of goods sold and delivered pursuant to a verbal contract entered into" between the company and the township through their respective officers, and "that said goods were used in the township in building and constructing bridges and culverts on the public highways of said township"; that said goods were sold and delivered to the township on March 5, 1909. The Culvert Company alleged that the goods were sold to Burton and Simpson townships, and it was agreed by all parties concerned that each township was to pay one-half of the bill, which in toto was $804, making Simpson township liable for $402.  It was further alleged that the

account was not barred by the statute of limitations by reason of a certain acknowledgment in writing of the debt by the township, which writing was attached to the petition.

To this first petition filed by the Culvert Company the township filed a demurrer, "on the ground that same does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against defendant."

The trial court sustained the defendant's demurrer to, plaintiff's first petition because the petition on its face disclosed that the debt claimed by plaintiff was barred by the statute of limitations, and for the further reason that the petition failed to show that the account sued on had been presented to the township board to be allowed or disallowed. The plaintiff was granted time to amend, and, failing to further plead, the trial court dismissed the petition. The Culvert Company did not appeal from the order sustaining the demurrer or from the action of the court in dismissing the petition.

The filing of the petition on August 13, 1912, by the Culvert Company on the warrant was subsequent to the decision and ruling of the trial court sustaining the demurrer of the township to the company's petition. The Culvert Company in this action filed a demurrer to the third defense of the township, on the ground that it did not state facts sufficient to constitute a defense to plaintiff's petition, or any cause of action therein stated. The trial court overruled the demurrer, and, the Culvert Company refusing to plead further, the court dismissed its petition, and it brings this action of the court here for review.

It is a well-settled doctrine that a judgment or decree rendered on demurrer to a material pleading, on the ground that the facts therein stated are insufficient in law, is as conclusive of the matters and things confessed by the demurrer as a verdict finding the same facts to be true. This is true because the matters in controversy in each case are settled by the record. It follows that facts thus established can never thereafter be contested between the same parties or those in privity with them. Ann. Cas. 1913A, note, p. 541, and authorities cited.

In the case of *Pettis et ux. v. McLain et al.*, 21 Okla. 521, 98 Pac. 927, it was settled by this court that a judgment rendered upon a general demurrer being sustained is none the less a final judgment upon the merits. To the same effect, see *Goldsborough v. Hewitt*, 23 Okla. 66, 99 Pac. 907, 138 Am. St. Rep. 795; *El Reno v. Cleveland-Trinidad Paving Co.*, 25 Okla. 648, 107 Pac. 163, 27 L. R. A. (N. S.) 650.

It is also true that such a judgment is not only conclusive between the same parties upon every ground of recovery or defense actually presented in the first trial, but also upon every ground which might have been presented. *El Reno v. Cleveland-Trinidad Paving Co., supra;* *McDuffie v. Geiser Mfg. Co.*, 41 Okla. 488, 138 Pac. 1029.

"In the absence of exceptional facts excusing a failure so to do, a party should plead all the material facts that constitute his claim or defense, and a failure to do so cannot be made the basis of another action." (*J. E. Prince v. R. L. Gosnell*, 47 Okla. 570, 149 Pac. 1162.)

It is immaterial whether the trial court was correct in its ruling upon the demurrer of the township in the former suit by the Culvert Company on the account for

goods sold and delivered to the township, as that matter is not open to inquiry here. The judgment upon the demurrer is a finality as to any claim of the Culvert Company against the township on open account for goods and material sold and delivered to the township, upon the grounds that the claim was barred by the statute of limitations, and that the claim had never been presented for auditing and allowance.

The petition in this case bases the right of the Culvert Company to recover upon a warrant issued prior to the judgment in the former suit by the township for the account of the goods and material furnished. While the demurrer was general in its terms, the court, in sustaining it, specified the two grounds upon which the judgment was rendered, only one of which is of interest here, viz., the bar of the statute of limitations. It is not the judgment that estops, but it is the allegations and issues made, or which should have been made, by the parties, upon which the judgment was rendered, that work the estoppel.

This case is founded upon the evidence of the cause of action in the former suit, but it represents the same cause of action. If the instant case was based upon the open account, then the rule that the Culvert Company is estopped by the judgment in the former suit not only upon all the matters in issue or points in controversy, but upon every ground of recovery which might have been presented; governs, but where the second suit is founded upon a different cause of action, the rule is different, and the inquiry is limited to the points or questions actually litigated and determined in the former case. *Cromwell v. County of Sac*, 94 U. S. 351, 24 L. Ed. 195. The cause

of action is the indebtedness of the township to the plaintiff for materials purchased. The account is evidence of the indebtedness, and so is the warrant.

The only question that calls for consideration is whether the plaintiff could maintain this action upon the warrant after permitting a judgment to be entered on the merits in the action on the account. It seems to be established that the Culvert Company could not maintain the action on the account if the warrant had been received by it in liquidation of the account, unless upon the trial it produced the warrant, or satisfactorily accounted for its absence. The township could not be twice subjected to the payment of the same debt. If, perchance, the company had obtained judgment on the original cause of action, then if the warrant had gotten into the hands of a *bona fide* holder, the judgment rendered on the consideration for the warrant would not absolve the township from paying the warrant. *Jackson v. Brown,* 102 Ga. 87, 29 S. E. 149, 66 Am. St. Rep. 156.

It follows as a logical sequence that the company could have brought its action on the indebtedness, as it did in the first instance, and maintained that action by producing the warrant or satisfactory reasons for its failure to do so, or it could have brought the action upon the warrant alone. It would have been a question of fact as to whether the warrant was given and received in liquidation of the open account.

The plaintiff had only one cause of action, and when the demurrer was sustained it was the duty of the company to have amended its petition, setting up the warrant, thus taking it out of the bar of the statute. But in that action the company made no reference to the war-

rant, nor did it offer to surrender the same, so it follows that, had plaintiff in error recovered in the former case, it would be in possession of both judgment and warrant for the same amount, representing the same transaction, by failing to plead all the facts constituting its claim for judgment.

We think that plaintiff in error will not be heard to complain, when it speculated upon the outcome of the action on the account, and when judgment was rendered upon the demurrer adverse to it, then without appealing brings an action on the warrant representing the same transaction, and is met by the plea of *res adjudicata*. We are of the opinion that plaintiff is estopped in this action.

Plaintiff in error contends that, where a party mistakes his remedy, he should not be precluded from bringing another action, but this rule is not applicable here, because the plaintiff in error was entitled to waive the warrant and bring the action on the open account. If it had by mistake attempted to pursue some remedy that it never was entitled to, then it would not be prevented from subsequently availing itself of a remedy that it was entitled to under the facts in the case; but, having pursued a remedy it had a right to invoke, plaintiff in error cannot avail itself of the doctrine of mistake of remedies in order to evade the doctrine of *res adjudicata*.

We therefore recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.