## KINIRY v. DAVIS et al.

No. 10166—Opinion Filed July 12, 1921.

(Syllabus.)

**1. Judgment—Conclusiveness—Demurrer to Pleadings.**

A judgment or decree rendered on demurrer to a material pleading on the ground that the facts therein stated are insufficient in law is conclusive of the matters and things confessed by the demurrer as a verdict finding the same facts to be true; and such a judgment or decree, unappealed from becomes a final judgment or decree upon the merits. Corrugated Culvert Co. v. Simpson Tp., 51 Okla. 178, 151 Pac. 854.

**2. Judgment—Res Judicata—Matters Concluded.**

The judgment of a court of competent jurisdiction upon the merits is conclusive between the parties and those in privity with them, and the facts therein adjudicated can never thereafter be contested between them in another action merely upon a different theory where the primary purpose and effect of the subsequent action is the same as that of the former action and where the material facts of the subsequent action were, or might have been, presented as constituting the claim or defense in the former action.

**3. Same—Enforcement of Mortgage Lien.**

Where a party brings an action to foreclose a real estate mortgage executed for the purpose of securing the payment of a specific indebtedness, and a demurrer is filed by the defendants in the action to the petition of the plaintiff on the ground that the petition does not state a cause of action, and the trial court renders judgment sustaining the demurrer of the defendants, and the plaintiff in open court announces his intention to stand upon his petition, prays for an order of appeal to the Supreme Court, but fails to prosecute his appeal, permits the judgment sustaining the demurrer and dismissing his action to become final, held to be res adjudicata in a subsequent action wherein the plaintiff seeks to establish an equitable lien upon the same property described in the mortgage and to subject said property to the payment of the same indebtedness as pleaded in the former action.

**4. Subrogation — Payment by Mortgagee of Prior Mortgage and Judgment Lien.**

Where the proceeds of a loan, secured by a mortgage, are used to pay a prior mortgage and judgment lien upon the property mortgaged, and said mortgage and judgment lien are released of record, the mortgagee furn-

ishing the money to pay such mortgage and judgment lien, being in no way obliga.ed to pay the same, and there being no agreement that such mortgagee be substituted to the rights of the mortgagee or judgment creditors, the doctrine of subrogation in such a situation has no application.

Error from District Court, Lincoln County: Charles B. Wilson, Jr., Judge.

Action by James L. Kiniry against Joe Davis et al. for foreclosure of an equitable lien. Judgment for defendants, and plaintiff brings error. Affirmed.

Homer N. Boardman, for plaintiff in error.

H. W. Harris and Thos. G. Andrews, for defendants in error.

KENNAMER, J. This action was instituted in the district court of Lincoln county by James L. Kiniry, plaintiff, against Joe Davis et al. to decree plaintiff an equitable lien and foreclose the same upon certain lands described in the plaintiff's petition to satisfy an indebtedness of $800, with interest. The plaintiff alleged that on or abou> the 29th day of February, 1912, Tilford Davis, Jr., as attorney in fact for Tilford Davis, Sr., executed a mortgage on the lands described in plaintiff's petition, and that Tilford Davis, Jr., was acting under a written power of attorney executed by Tilford Davis, Sr., owner of the lands described in the mortgage, in executing the notes and mortgage, which were the basis of the action. The amended petition filed by the plaintiff alleged that this plaintiff, prior to the filing of this action, through his attorney, F. A. Rittenhouse, filed a suit in the district court of Lincoln county against the same defendants in this action to foreclose the mortgage alleged to have been executed by Tilford Davis, Jr., as attorney in fact for Tilford Davis, Sr., and that a demurrer was filed to the petition by the defendants in the former action, which demurrer was, by the court, after a hearing, sustained, and the plaintiff elected to stand upon his amended petition and so announced in open court; thereupon the court entered a decree and judgment dismissing the action of the plaintiff and adjudging the plaintiff to have no interest in the property in controversy. The plaintiff, in his petition in this action, prays the judgment of the court decreeing him to have an equitable lien upon the property in controversy, and alleges that the proceeds of the $800 loan made to Tilford Davis, Sr., through his attorney in fact, Tilford Davis, Jr., was used in paying off a mortgage of $580.20 which Tilford Davis, Sr., had executed to E. L. Conklin, a judgment lien of $247.55 in favor of Merritt Lafoon, and certain taxes which the plaintiff had paid upon the lands.

The defendants answered, denying generally the allegations of the plaintiff's amended petition, pleaded the statutes of limitation, and pleaded that all the demands and claims of the plaintiff in this action were litigated and dismissed in a former action, and that the plaintiff's claims herein are now res adjudicata.

The plaintiff contended in the trial of the cause that in the event he was not entitled to have a decree establishing an equitable lien upon the property, he was entitled to be subrogated to the rights of the former lienholders, whose liens had been paid and discharged with the proceeds of the loan which he made to Tilford Davis, Sr., through his attorney in fact, Tilford Davis, Jr.

At the close of the testimony introduced by the plaintiff, the defendants filed a demurrer to the testimony of the plaintiff, which the trial court sustained. The plaintiff has appealed, and the question presented by this appeal is whether or not the trial court committed error in sustaining the demurrer of the defendants to the plaintiff's testimony. The plaintiff's testimony and pleadings disclose that in the former action, in which the court rendered judgment sustaining a demurrer to the plaintiff's petition, the plaintiff sought to subject the same land as is involved in this action to a mortgage lien to satisfy the same indebtedness involved in this action, and was an action between the same parties. It is apparent that the trial court sustained the demurrer in this cause to the plaintiff's testimony upon the ground that the claims and demands of the plaintiff were res adjudicata.

We have carefully gone over the record in this cause, and we fail to find any error in the action of the court is sustaining the demurrer to the plaintiff's testimony. The judgment of a court of competent jurisdiction which has become final is conclusive between the parties and their privies in a subsequent action involving the same subject-matter, and it is not only final as to matters actually litigated and determined, but it is also final as to all matters germane to the issues formerly litigated and which might have been litigated or determined therein. Haven v. Trammell, Sheriff, et al., 79 Okla. 309, 193 Pac. 631; Corrugated Culvert Co. v. Simpson Twp., 51 Okla. 178, 151 Pac. 854; Dixon v. State Mut. Ins. Co., 60 Okla. 238, 159 Pac. 922; Cressler v. Brown et al., 79 Okla. 170, 192 Pac. 417.

The primary right of the plaintiff in this action, as pleaded in his petition, is to subject the property in controversy to a lien in order to satisfy his indebtedness, which he claims

to be due him on account of the execution of certain notes, and a mortgage, and the only wrong complained of by the plaintiff, in substance, is the nonpayment of his debt. This was the identical subject of his action in his former suit, and against the identically same parties. The only difference in the two actions is that in his former action he attempted to establish a lien founded upon the mortgage that he claimed had been executed by Davis, the owner of the land, now deceased, through his agent, Tilford Davis, Jr. Now he proceeds to present his action upon the theory that he is entitled to be decreed an equitable lien upon the same premises to secure the payment of the same indebtedness on account of the invalidity of the written mortgage as a lien. It is apparent that the subject of the action is the same, but simply presented upon different theories. The court will not permit the same subject to be litigated upon different theories. Corrugated Culvert Co. v. Simpson Twp., 51 Okla. 178, 151 Pac. 854.

The territorial court of Oklahoma, in the case of Pratt v. Ratliff, 10 Okla. 168, 61 Pac. 523, announced the rule that the test in determining whether the two causes of action were the same in order that the doctrine of res adjudicata might be invoked was as follows:

"The cause of action is the same when the same evidence will support both actions; or rather, the judgment in the former action will be a bar, provided the evidence necessary to sustain the judgment for the plaintiff in the present action would have authorized a judgment for him in the former."

In the former action by the plaintiff against the defendants, wherein the plaintiff attempted to subject the lands in controversy to a lien based upon the written mortgage and the court sustained a demurrer to his petition for the reason that the mortgage, as pleaded by the plaintiff, was invalid as a lien for the reason that the same had not been executed in such manner as to have the force and effect as the contract of the owner of the land, Tilford Davis, Sr., the plaintiff had the right to amend his petition and pray the judgment of the court decreeing him an equitable lien upon the property, but the plaintiff elected not to exercise this right, and announced in open court that he elected to stand upon his petition as pleaded, and prayed an appeal to the Supreme Court. Not having prosecuted his appeal, he permitted the judgment of the court decreeing him to have no interest in the property affecting the rights of the defendants to become final; and every issue involving the right of the plaintiff to subject the prop-

erty to a lien was considered, or could have been considered, in the original action, and if there is a miscarriage of justice in this case, it is due to the failure of the plaintiff to properly prosecute his first action. Norton v. Kelly, 57 Okla. 222, 156 Pac. 1164.

In this cause it is obvious that the plaintiff, under the facts as disclosed by the record, was entitled to an equitable lien upon the property in controversy, and had he prosecuted his first action, no doubt the court would have finally granted proper relief. A real estate mortgage constitutes nothing more than an equitable lien upon property, but the plaintiff, upon his own election, failed to prosecute his appeal in his first cause of action and permitted the judgment to become final.

It is no longer an open question in this jurisdiction that a judgment rendered on a demurrer to a material pleading on the ground that the facts therein stated are insufficient in law to state a cause of action or defense, is as conclusive of the matters or the facts confessed by the demurrer as a verdict finding the same facts to be true. Petis et ux. v. McLain et al., 21 Okla. 521, 98 Pac. 927; Corrugated Culvert Co. v. Simpson Tp., 51 Okla. 178, 151 Pac. 854; Dixon v. State Mut. Ins. Co., 60 Okla. 438, 159 Pac. 922.

The plaintiff in this cause contends that he is entitled to be subrogated to the rights of the mortgagee under the Conklin mortgage and the judgment lien, both of which were paid in full out of the proceeds of the loan made by him to Davis, secured by his mortgage held to be invalid in the former action. The rule on subrogation as announced in 37 Cyc., at page 471, is as follows:

"One who, having no interest to protect, voluntarily loans money to a mortgagor, for the purpose of satisfying and canceling the mortgage, taking a new mortgage for his own security, cannot have the former mortgage revived and himself subrogated to the rights of the mortgagee therein."

In the case of Employes' Building & Loan Association v. Crafton et al., 63 Okla. 215, 164 Pac. 473, this court followed the rule announced in Sandford v. McLain (N. Y.) 23 Am. Dec. 773, which is as follows:

"It is only in cases where the person advancing money to pay the debt of a third party stands in the situation of a surety or is compelled to pay it to protect his own rights, that a court of equity substitutes him in the place of the creditor, as a matter of course, without any agreement to that effect. In other cases the demand of a creditor which is paid with the money of a third person and without any agreement that the security

shall be assigned or kept on foot for the benefit of such third person, is absolutely extinguished." See Downer v. Miller, 15 Wis. 612.

In the case at bar it is undisputed that the mortgage and judgment were absolutely extinguished and that the plaintiff in this cause was in no way obligated to pay the mortgage or judgment lien. Therefore, the doctrine of equitable assignment or subrogation does not apply. Kahn v. McConnell et al., 37 Okla. 219, 131 Pac. 682.

Finding no error in the record, the judgment is affirmed.

HARRISON, C. J., PITCHFORD, V. C. J., and JOHNSON and ELTING, JJ., concur.