## DANIEL M. CUSTER, Appellant, v. JOHN KROEGER.

Division Two, February 26, 1926.

1. **FORMER APPEAL: Record.** This court takes judicial notice of its own records and of its proceedings in former actions.

2. **STARE DECISIS: Same Causes.** An affirmance on a former appeal of a judgment sustaining defendant's demurrer to plaintiff's petition, alleging that it did not state sufficient facts to constitute a cause of action, concludes the plaintiff in a subsequent suit brought by him against the same defendant, wherein the petition is in substance the same as in the former action.

3. **DEED OF TRUST: Foreclosure: Abstract of Title: Unlawful Seizure.** Where plaintiff executed a deed of trust upon his land to secure a loan and along with it delivered to defendant an abstract of title, defendant was entitled to retain the abstract until the indebtedness was paid and was under no obligation to loan it to plaintiff; and the fact that defendant, after having loaned it to plaintiff, entered his office and unlawfully and forcibly recovered it, is immaterial in a suit to recover damages sustained by plaintiff upon the foreclosure of the deed of trust and the purchase of the land by defendant at much less than its alleged value. There is no causal connection between the forcible seizure and a loss of plaintiff's equity in the land resulting from the foreclosure sale, although the abstract had been loaned to plaintiff to assist him by another mortgage to borrow money with which to pay defendant's mortgage.

4. **RES ADJUDICATA: Demurrer to Petition.**  Where a demurrer, alleging that the petition did not state facts sufficient to constitute a cause of action, was sustained by the trial court, and plaintiff did not plead further but stood upon his demurrer, and upon appeal, to this court the judgment was affirmed, the action of the trial court in dismissing the petition had the same force and effect as if the case had been tried upon the merits and the issues found for defendant, and the judgment rendered became *res adjudicata* of the matters in issue between the parties; and thereafter plaintiff's petition, alleging substantially the same facts stated in said former petition, although filed in a new suit between the same parties, must likewise be dismissed.

5. ———: ———: **Issues Within Purview of Pleadings.**  Where plaintiff's petition is dismissed upon demurrer on the ground that it does not state a cause of action, and he stands upon the demurrer and refuses to plead further, not only are the issues then tried concluded, but every issue which came within the purview of the pleadings is likewise concluded.

Evidence, 23 C. J., Section 1920, p. 114, n. 47; Section 1921, p. 114, n. 50. Judgments, 34 C. J., Section 1220, p. 799, n. 80; Section 1327, p. 920, n. 68. Mortgages, 41 C. J., Section 565, p. 603, n. 98.

Appeal from Lewis Circuit Court.—*Hon. J. A. Cooley,* Judge.

AFFIRMED.

*Hilbert & Henderson* and *A. F. Haney* for appellant.

(1)  This is an action *ex delicto,* in which the plaintiff seeks redress in damages for the tortious acts of the defendant.  Cooley on Torts (2 Ed.) pp. 64, 592.  Where a foreclosure sale is brought about by the fraud or duress or willfully oppressive acts or conduct of the mortgagee, the mortgagor, instead of having the sale set aside, may maintain an action for damages against the mortgagee.  27 Cyc. 1505; Stansberry v. McDowell, 186 S. W. 757; 2 Jones on Mortgages, sec. 1189; Kerbaugh v. Nugent, 48 Ind. App. 43.  (a)  The act of defendant in lulling plaintiff into the belief that he was to have the use of the abstract for the

purpose of procuring a new loan, and then afterwards, in order to prevent plaintiff from getting a loan, forcibly taking the abstract away from plaintiff before he had completed the use of it for that purpose, amounted to the commission of a legal wrong against plaintiff; and in this connection it is immaterial whether the promise of defendant to let plaintiff use the abstract was or was not an enforcible agreement. Alfred v. Pleasant, 175 S. W. 892; Laundy v. Girduer, 238 S. W. 789. (b) In an action for damages for the wrongful foreclosure of a mortgage upon real estate, the measure of plaintiff's damages is the value of his equity in the property, that is, the difference between the reasonable value of the property and the amount due on the note at the date of the foreclosure sale. Real Estate Syndicate v. Sims, 121 Mo. App. 156. Not only are such actual damages allowable in such action, but punitive damages are also allowable. Stansberry v. McDowell, 186 S. W. 760. (2) The allegations of the petition show a cause of action for damages. It is alleged, among other things, that plaintiff owned an abstract of title to his land, but had let defendant have it at the time he gave the note and mortgage in controversy to defendant, and as the time drew near to pay off said indebtedness plaintiff needed to use his said abstract in procuring another loan on his said land to take the place of the defendant's loan, as the procurement of a loan on that land was the only means plaintiff had by which to raise the money to pay off defendant's loan. Plaintiff informed defendant of the fact that it would be necessary for him to have said abstract in order to procure such loan, and upon plaintiff's request defendant delivered said abstract to plaintiff in order that plaintiff might use it for that purpose, and that thereafter, before plaintiff had opportunity to get through with the use of it for that purpose, defendant wrongfully entered plaintiff's residence and by force and violence and against the protest of plaintiff took said abstract away from plaintiff and carried it off with him, and thereby deprived plaintiff of the use of it

for the negotiation of a loan, notwithstanding plaintiff, at the time defendant took the abstract from him, explained again to him the necessity of his having the abstract for the purpose of procuring a loan with which to pay off his note and mortgage, and defendant well knew that plaintiff had no other way to procure the money for that purpose except by getting a loan on that land. As this abstract was plaintiff's abstract, and on which he relied for negotiating a new loan to pay off defendant's loan, no reasonable person could doubt that plaintiff had the right to use this abstract for that purpose . It may be true that defendant had a right to the use and possession of the abstract as mortgagee as long as the mortgage remained in force, but it would be highly unreasonable to maintain that defendant had the right to exclude plaintiff from the use of the abstract when he needed it for the purpose of raising the money to pay off the loan, in other words, that defendant had the right to arrogate the exclusive use of the abstract to himself and to compel plaintiff to procure another abstract to use in negotiating a loan to pay off his loan. The petition further alleges that defendant took the abstract away from plaintiff with the willful and deliberate purpose of preventing plaintiff from paying his note which was nearly due and with the purpose of foreclosing the mortgage when the note became due, selling plaintiff's said property at foreclosure sale and buying it in himself, and that after the note fell due defendant carried out his said scheme and bought in the property at the foreclosure sale for only enough to pay the note and cost of foreclosure proceedings. (3) Defendant's counsel, in their argument on the demurrer in the trial court, took the position that, during the existence of the mortgage, the defendant had the exclusive right to the use of the abstract. In answer, it should be said that, even if that position were correct, defendant nevertheless waived any such exclusive right by his act in actually delivering the abstract to plaintiff for the express purpose that plaintiff should use it in negotiating

a new loan on the property to pay off his loan. After defendant had delivered the abstract to plaintiff for the above-mentioned purpose, and plaintiff had acted in reliance upon defendant's promise that he should have the use of the abstract for that purpose, defendant will not be allowed to change position and require the abstract to be surrendered back to him before the accomplishment of that purpose. Griffith v. Gillum, 31 Mo. App. 41. (4) But considering this matter from still another point of view, even if we should concede that defendant as mortgagee had the exclusive right to the abstract, yet his act in delivering the abstract to plaintiff for the purpose of being used by plaintiff for the object above stated would under the law constitute a bailment, and the plaintiff would be constituted a bailee with all the legal rights of a bailee. 6 C. J. pp. 1099, 1100, 1100, 1143, 1165; 3 R. C. L. pp. 80, 84, 136. Even if we should concede defendant's position that he had the exclusive right to the use of the abstract as long as the mortgage to him remained unsatisfied, yet his delivery of the abstract to plaintiff for the purpose of being used by plaintiff in securing another loan on the property in question to take the place of defendant's loan would constitute a bailment of the abstract, and defendant would have no right to a return of the abstract until the object of the bailment was accomplished, that is, until a new loan was secured by the use of the abstract. And upon defendant having forcibly taken the abstract from plaintiff before the accomplishment of said object—before plaintiff's negotiations had yet secured a loan—plaintiff is entitled to bring this action for damages, it being alleged in the petition that defendant's act in taking the abstract from plaintiff prevented him from raising a loan and paying off defendant's note, it being also alleged that defendant after said note became due foreclosed the mortgage and had the land sold therunder, it being bid in by defendant himself at just enough to pay the indebtedness and costs of foreclosure proceedings and at about $7,000 less than its actual value.

By the conduct of defendant, plaintiff lost every cent of the valuable equity which he owned in this land, and the same was acquired by the defendant without any compensation to plaintiff.

*Harry S. Rouse, Frank & Stewart* and *James C. Dorian* for respondent.

(1)   Where the owner of lands furnish the party making a loan on his lands and taking a mortgage thereon, an abstract of title, the abstract becomes a part of the security for the loan and the mortgagor is not again entitled to it until the mortgage is paid.   6 Ballard on Real Property, par. 18; Warville on Abstracts, p. 11; 11 Add. Pr. (H. S.) 113.   The defendant was entitled to the possession of the abstract, he loaned the same to the plaintiff, and upon the plaintiff refusing to return the same to him he forcibly took possession of same.   Is this more than a trespass?   And who has a right to say to a man just how long he shall trust his property to another?   In other words, if the abstract was the property of the defendant, did he have to wait the convenience of the plaintiff or anybody else to determine just when he was to take possession of his property, his security.   We do not undertake to defend the alleged taking possession of same by force, but that could be nothing more than a mere trespass, and that would be all the defendant would be liable for, if anything, and does not in any way tend to justify the suit for the loss of plaintiff's equity in the lands.   This point alone would justify the action of the trial court in sustaining said demurrer.   (2)   The petition states that plaintiff delivered the abstract to defendant at the time of making the loan.   It then became part of the security for the loan.   The plaintiff then states that at his request the defendant re-delivered it back to him, so he could exhibit it to prospective lenders as an evidence of plaintiff's title to the land.   Was there any consideration passing from plaintiff to the defendant for the re-delivery of the

abstract? And if not, was there any reason why defendant could not again take possession of his property without being responsible in damages? Defendant was under no legal obligations to let the plaintiff have the abstract, his security, for any given period of time, unless here received a valuable consideration therefor. There was no valid contract or agreement that bound the defendant, or anybody else. There is not in the petition one line that shows anything of value passed from the plaintiff to the defendant by virtue of the fact that defendant loaned the abstract to him. Neither are there any legal grounds shown why the defendant could not recover his abstract, his security, at any time he wished. The simple fact that the plaintiff alleges that he needs the abstract does not meet the requirement in any way. We simply have here a loaning of one's security without any consideration, and asking damages because one demanded back that which under all the law he was entitled to. Such a petition does not state a cause of action. (3) The Supreme Court will take judicial notice of its own record. Chicago Herald Co. v. Bryan, 195 Mo. 596. The former appeal in the case of Custer v. Kroeger, 243 S. W. 770, is res adjudicata of every issue involved in this case. The suit was between the same parties, over the same acts or subject-matter, and in the circuit court the plaintiff suffered final judgment to be entered against him, and appealed the case, and after the trial court was sustained by the Supreme Court, undertakes to change the language of his petition. The pleadings and judgment in the former case are before the court and it is final to each and every issue involved herein. "All issues which might have been raised and litigated in any case, are as completely settled by the final decree therein as if they were directly adjudicated and included in the verdict." Pond v. Huling, 125 Mo. App. 474. A case decided on demurrer, when the decision goes to the merits, that is, to all the facts pleaded in the petition, which is substantially the same as the petition in the present case, is a final judgment and a bar to the action

undertaken to be stated here, where the parties are the same, the matter in controversy the same, the claimed in-jury the same, the relief prayed for the same, and the only difference in the two actions being the same state of facts differently stated. Coleman v. Dalton, 71 Mo. App. 14; Life Ins. Co. v. Smith, 117 Mo. 261; O'Day v. Meadows, 194 Mo. 588; Spratt v. Early, 199 Mo. 491; Dunnell v. Wright, 147 Mo. 639.

RAILEY, C.—On February 16, 1923, the above-named plaintiff filed in the Circuit Court of Lewis County, an action against the above-named defendant, the legal ef-fect of which will hereafter be stated. On March 19, 1923, defendant filed a demurrer to the petition upon the ground that it failed to state facts sufficient to constitute a cause of action. On April 17, 1923, the trial court sus-tained said demurrer and granted plaintiff leave to file an amended petition within sixty days from said date. On June 16, 1923, plaintiff filed his amended petition, which in substance states the following facts:

That he is, and at all the times mentioned herein was, a resident of Missouri, and the owner in fee simple of the following described real estate situated in Elkhart Coun-ty, Indiana, to-wit: The northwest quarter of the south-east quarter containing forty acres; also the southwest quarter of the northeast quarter, containing forty acres; and the north half of the southeast quarter of the north-east quarter, containing twenty acres; all in section thirteen, township thirty-eight north, of range seven east; that on February 9, 1916, plaintiff, as such owner, ex-ecuted and delivered to defendant a warranty mortgage on said land to secure the payment of a promissory note for $2,500, due two years after date; that it was provided in said mortgage, that upon the failure of plaintiff to pay said note when due, defendant might cause said mortgage to be foreclosed upon said land and have said land sold to satisfy said note, interest and costs of the foreclosure proceeding; that during December, 1917, and January,

1918, he took steps to procure a loan from third parties for the purpose of raising sufficient funds with which to pay off said note to defendant and satisfy said mortgage; that plaintiff sought to procure such loan by giving a promissory note to such party or parties as he should procure the loan from, and by giving a mortgage or deed of trust on above-described land to secure the payment of such note, and to pay off the existing note and mortgage held by defendant and to substitute such new mortgage or deed of trust, for the note and mortgage held by defendant; that plaintiff had no money of his own to pay off defendant's note and mortgage, and it was necessary for him to procure said loan from third parties, to pay defendant's note and mortgage, by giving a new mortgage on said land, all of which defendant well knew; that he (plaintiff) had and owned an abstract of title to said land, showing the condition of his title therein; that said abstract of title was temporarily in the possession of defendant, plaintiff having let him have it at the time of giving said note and mortgage; that in order to procure the above loan sought by him to pay defendant's debt, it became necessary for him to make use of said abstract and to exhibit it to the prospective lender or lenders for examination in order to satisfy them as to plaintiff's title to above land; that said abstract did show plaintiff was the owner in fee simple of said land, without encumbrances or liens, except that of defendant, and that it would afford good security for the prospective loan; that he informed defendant he needed said abstract to procure the loan aforesaid to satisfy defendant's indebtedness, and requested defendant to let him have it for that purpose; that defendant, in compliance with said request, delivered said abstract to plaintiff for the purposes aforesaid; that plaintiff thereupon conferred and negotiated with ——, who were lenders of money, and to whom he had made the application for a loan as aforesaid; that such persons were willing to make such loan of money to him, and agreed to make said loan se-

cured by a mortgage on the land aforesaid, provided they found said land to be free of encumbrances, and the title thereto good upon his executing a mortgage on said land to secure the same; that plaintiff accepted said offer and agreement; that plaintiff's title was satisfactory and said land good security for said loan; that plaintiff agreed and intended to exhibit said abstract to said lenders, or either one of them, which would have shown the land to be good security for such loan; that said loan would have been made to plaintiff by one of said lenders in time to enable plaintiff to pay off defendant's indebtedness before it came due and before the foreclosure proceeding by defendant, and defendant's note and mortgage would then and there have been paid and satisfied; that defendant knew that plaintiff, with said abstract, was seeking said loan to pay him off, and unlawfully schemed to prevent plaintiff from procuring said loan, in order that he might foreclose his mortgage on said land and buy the same in under said foreclosure sale; that on or about January 10, 1918, before plaintiff was through with said abstract for the purpose of procuring said new loan and before plaintiff had exhibited said abstract to above lenders, defendant wrongfully entered plaintiff's office and residence in the town of Durham, Lewis County, Missouri, and by force and arms, against the will and remonstrance of plaintiff, forcibly and violently took said abstract of title away from plaintiff and carried it away with him and thereby deprived plaintiff of the use of same for the purposes aforesaid, notwithstanding he explained to defendant the necessity for his having and using said abstract to procure said loan; that defendant refused to return said abstract to plaintiff or to permit the latter to use the same in procuring said loan, although demand of same was made by plaintiff; that defendant pursued the course aforesaid, in order to buy in said land under a foreclosure proceeding as heretofore mentioned, and that he boasted of having gotten plaintiff in a position where he could get the latter's land; that defendant thereafter brought

an action *in rem* in the Circuit Court of Elkhart County, Indiana, at the May term, 1918, of said court, and on constructive service or notice obtained a decree of foreclosure of said mortgage; that pursuant to said decree on July 13, 1918, said land was sold, and bid in by defendant for the full amount of the judgment and costs, amounting to $3,060.96; that under and pursuant to said sale a deed was made by the sheriff to defendant for said land, conveying to him full title therefor.

It is averred, that after defendant refused to return said abstract to plaintiff as aforesaid, the latter ordered a new abstact of title to said land, but before plaintiff by reasonable diligence could procure the same the offer of a new loan had ceased and plaintiff no longer had the opportunity of procuring a loan from them, and was unable to prevent a foreclosure of defendant's mortgage; that if he had had the abstract he could have procured a loan and paid off defendant's indebtedness; that the actual amount due from plaintiff to defendant on said note, on July 13, 1918, the date of the sheriff's sale, was $2,785.65; that the market value of said land was at least $10,000; that plaintiff's equity in said land at the date of said sale was at least $7,214.35; that plaintiff, by reason of defendant's wrongful acts aforesaid, has incurred extra expense in traveling, attorneys' fees, etc., in the sum of $180; that plaintiff's actual damage is $7,394.35; that he is also entitled, by reason of defendant's conduct, to punitive damages in the sum of $7,500. Wherefore he asks judgment for $7,394.35, as actual damages and for $7,500 as punitive damages, etc.

On September 17, 1923, at the September term, 1923, of the circuit court aforesaid, the defendant filed a demurrer to said amended petition, which, without caption and signature, reads as follows:

"Now comes defendant and demurs to plaintiff's amended petition for the following reasons, to-wit:

"1. Because the amended petition of plaintiff does not state facts sufficient to constitute a cause of action."

On September 18, 1923, said demurrer was sustained, and the following judgment entered, to-wit:

"Defendant's demurrer to plaintiff's amended petition sustained and plaintiff declining to plead further it is adjudged by the court that the cause be dismissed and that defendant go hence hereof without day and have and recover of plaintiff his costs."

An appeal was granted plaintiff to this court and on November 6, 1923, a short form transcript was filed herein.

I.    This court will take judicial notice of its own records and of its proceedings in actions formerly pending herein. [Keaton v. Jorndt, 259 Mo. 1. c. 189; Meyer v. Goldsmith, 196 S. W. 1. c. 746; State ex rel. Jones v. Miller, 221 S. W. 1. c. 89; State ex rel. Ponath v. Hamilton, 240 S. W. 1. c. 449.]

On turning to the records of this court we find that, on November 11, 1920, there was filed herein, a short form transcript of appeal, numbered 22,687, taken from the Circuit Court of Lewis County, Missouri, presided over by Judge James A. Cooley; that said cause was entitled "Daniel M. Custer, appellant, v. John Kroeger, respondent;" that the judgment in favor of respondent was affirmed by this Division of the the court on August 28, 1922, in an opinion by Judge DAVID E. BLAIR, which will be found reported in full, under the title of "Custer v. Kroeger," in 243 S. W. at page 770 and following. The parties in the above cause, including the attorneys, were the same as those representing said parties in the present action. The substance of the petition in this case, aside from some additional immaterial averments not found in the former case, are exactly alike in every respect. In other words, it is the same cause of action. We see no reason for departing from the conclusions reached by this court on substantially the same facts in the former case. Aside from what we formerly said, it clearly appears in the present case, as shown by the petition, that on February 9, 1916, plain-

Stare Decisis.

tiff executed and delivered to defendant a mortgage on the land in controversy to secure a promissory note for $2,500, due February 9, 1918, with an abstract, showing the title to said land. The defendant was entitled to hold this abstract until his indebtedness was paid and was under no legal obligation to loan it to plaintiff. The fact that defendant may have recovered the abstract from plaintiff by force, is immaterial in this action. There is no causal connection between the above act of defendant, and the loss of plaintiff's equity by reason of the foreclosure of said mortgage. The reasons assigned by Judge BLAIR for affirming the judgment in the former case apply with equal force to the facts in the present controversy.

*Abstract of Title: Forcible Seizure.*

II. The record on file here in the former case shows that a demurrer to plaintiff's petition was sustained in the trial court, and that he stood upon said petition and refused to plead further. The action of the trial court in dismissing plaintiff's petition in the former case, under the circumstances aforesaid, had the same force and effect as if the case had been tried on the merits before the court or jury, and the issues found for defendant. In other words, the judgment thus rendered in the former case became *res adjudicata,* as to the matters in issue between said parties. [Garton v. Botts, 73 Mo. l. c. 277-8; Conn. Life Ins. Co. v. Smith, 117 Mo. l. c. 296-7; Johnson v. United Railways, 243 Mo. l. c. 290 and following; Searcy v. Searcy, 196 Mo. App. l. c. 314-15.]

*Res Adjudicata.*

The facts in the present case, are substantially the same as those stated in the former action. Taking judicial notice of the record in the former case, we hold that the affirmance of the judgment in that cause operated as *res adjudicata* as to the present action.

III. Every question presented in the petition before us could have been litigated in the former case. The

appellant is concluded in this action, not only as to the issues which were tried in the former suit, but in respect to every issue which was within the purview of the pleadings, and was the subject of controversy in said action. [Donnell v. Wright, 147 Mo. 1. c. 646-7; Hamilton v. McClean, 169 Mo. 1. c. 73.; Spratt v. Early, 199 Mo. 491; Cantwell v. Johnson, 236 Mo. 1. c. 603; Leslie v. Carter, 268 Mo. 1. c. 428; Case v. Sipes, 280 Mo. 1. c. 120 and following, 217 S. W. 1. c. 309.]

*Issues Triable.*

IV. Viewed from any angle the judgment below was for the right party and is accordingly affirmed. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur.