## CHRISTNER v. CHRISTNER.

No. 34488.    Nov. 21, 1950.

*224 P. 2d 594.*

Wilson & Leach, of Tulsa, for plaintiff in error.

Kulp, Pinson, Lupardus & Kothe, of Tulsa, for defendant in error.

ARNOLD, V.C.J. According to the record before us and the admissions of the parties, plaintiff in this action filed suit for divorce and alimony in the district court of Tulsa county in 1948; she attached to her petition a contract of settlement between her and her husband, defendant, which was submitted to the court in lieu of alimony and provided for the payment of $200 monthly until $24,000 was paid; decree of divorce was entered approving this contract but no further judgment was

entered on the terms thereof; this judgment became final; some time thereafter the defendant filed in said cause a petition seeking vacation of that entire judgment and alleged therein that the decree and contract were obtained by fraud and duress, setting forth specific allegations of fraud and duress; a demurrer was filed to this petition and sustained, and time was granted to the petitioner in which to plead further; he refused to plead further and stood on his petition, whereupon the court dismissed his cause of action; though notice was given of intention to appeal and time was fixed the petitioner did not perfect appeal and that judgment became final; plaintiff filed this cause of action seeking judgment for the accrued monthly payments on said contract; the defendant answered, again alleging fraud and duress in the procurement of the execution of said contract; a motion to strike all allegations of fraud and duress was filed and sustained, and time extended to defendant to amend; he refused to amend; whereupon, a motion for judgment on the pleadings was filed and sustained on the theory, no doubt, that all allegations of fraud and duress were stricken from the answer and no defense was then pleaded; judgment on the pleadings was entered on behalf of the plaintiff for the accrued amount on the contract ($1,100). Motion for new trial was filed and overruled, exceptions noted, and notice of appeal given and extension of time in which to perfect the appeal in this court was made; in due time this appeal was filed.

Defendant contends here only that the final judgment sustaining the demurrer to his petition to vacate the judgment or decree in the original action does not constitute a determination of the facts stated in his petition to vacate and error of the court in striking from his answer in the present suit his allegations of fraud and duress.

A motion to dismiss has been filed.

Though it may be conceded for the sake of argument that it was error to strike the allegations of fraud and duress from the answer, the district court may take judicial knowledge of its judgments and pleadings therein and did in this case take judicial knowledge of the judgments rendered by it in the divorce action wherein the contract herein questioned was approved and thereafter readjudicated. On motion to dismiss on the ground that the appeal is not meritorious, but in fact frivolous and for delay only, this court will not permit technical errors of pleadings and practice to interfere where from the record before us it can be seen that the defense presented will be, when offered, wholly untenable and ineffective because of res adjudicata.

Where a motion to dismiss has been filed on the ground that the appeal is without merit and for delay only, and on examination of the record, the brief of plaintiff in error, and the response to the motion to dismiss it appears that there is no issue to determine, the appeal will be dismissed. Atkinson v. Shaffer, 187 Okla. 262, 102 P. 2d 943; Jones et al. v. Bob Cason Motor Co., 191 Okla. 332, 129 P. 2d 840.

The validity of the contract in question was adjudged in the original judgment. Its validity was thereafter questioned by defendant in his petition on the ground of fraud and duress. This action was dismissed and that judgment became final. By that judgment the defense here presented was adjudicated and the facts alleged in the answer of defendant to the present lawsuit were determined adversely to him.

In Hutchings v. Zumbrunn, 86 Okla. 226, 208 P. 2d 224, it is stated:

"Where a demurrer to a petition, on the ground that said petition fails to state facts sufficient to constitute a cause of action, is sustained, and the defendant refuses to further plead, but elects to stand on his petition, whereupon judgment is rendered against him,

such judgment is 'on the merits' and is final and conclusive, until reversed on appeal, and is a bar to a subsequent action between the same parties and upon the same facts pleaded."

The effect of sustaining a demurrer to a petition and dismissing the action upon the refusal of plaintiff to replead is the same as if the case had been tried by a court and jury and issues found for defendant. Custer v. Kroeger, 313 Mo. 130, 280 S.W. 1035, 44 A.L.R. 1328. To the same effect are annotations following 13 A.L.R. 1104 and 106 A.L.R. 437. The Oklahoma cases are annotated in both the A.L.R. citations. We know of no authority to the contrary and none are cited.

Even if the court erred in sustaining the demurrer to the petition to vacate the original decree, the judgment dismissing the cause of action is nevertheless considered as being on the merits. 15 R.C.L. 987; Cain v. Union City Life Ins. Co., 123 Ky. 59, 93 S.W. 622, 124 Am. St. Rep. 313. See, also, Pettis v. McLain et al., 21 Okla. 521, 98 P. 927; Corrugated Culvert Co. v. Simpson Township, 51 Okla. 178, 151 P. 854; Dickson v. Mackey et al., 108 Okla. 11, 233 P. 423; McDuffie v. Geiser Mfg. Co., 41 Okla. 488, 138 P. 1029; Cressler v. Brown, 79 Okla. 170, 192 P. 417.

Appeal dismissed.