MARTIN v. JACKSON et al.

No. 35070.

Supreme Court of Oklahoma.

May 12, 1953.

Rehearing Denied Oct. 13, 1953.

Roy F. Lewis, Oklahoma City, for plaintiffs in error.

Draper Grigsby and Hal McPherson, Oklahoma City, for defendants in error.

HALLEY, Chief Justice.

This action was filed in the District Court of Cleveland County by Bob Martin against Alvin R. Jackson and London and Lancashire Indemnity Company of New York to recover damages for alleged negligence of Dr. Jackson in treating an injured hand of the plaintiff, resulting in the loss of the use of his hand.

Plaintiff avers that he is a resident of Cleveland County and that Dr. Jackson resides in Oklahoma County and that the Indemnity Company is an insurance corporation organized under the laws of New York, but domesticated in Oklahoma. It is stated that Dr. Jackson is a physician and surgeon engaged in the practice in Oklahoma County.

Plaintiff sets up that he broke a bone in one of his hands and engaged Dr. Jackson to treat his hand; that the Doctor set the broken bone in such a negligent and unskillful manner that he lost the use of that hand; that in 1941 Dr. Jackson had entered into an indemnity contract with the Indemnity Company named whereby indemnity was obtained for the benefit of the plaintiff. A copy of the indemnity contract was not attached to the petition because it was alleged to be in the possession of the defendants.

No answer was filed, but separate motions were filed to quash the service of summons. Separate special appearances and motions challenging jurisdiction and venue were filed by each defendant alleging that Dr. Jackson was not a resident of Cleveland County, but a resident of Oklahoma County where this action was formerly filed by the plaintiff against the same defendants.

It was further alleged that in the action in Oklahoma County the Indemnity Company filed a general demurrer to plaintiff's petition which was sustained and the action dismissed as to the Indemnity Company; that no appeal was taken from that order and judgment which became final and estopped the plaintiff from maintaining the present action against the Indemnity Company. This left as the sole defendant, Dr. Jackson, a resident of Oklahoma County, who could not be sued alone in Cleveland County.

Defendants attached to their separate pleas to jurisdiction and venue a copy of the amended petition filed by plaintiff in Oklahoma County showing that the same cause of action was pleaded there as in the present case. There was also attached a copy of the order made in the Oklahoma County case sustaining the demurrer and dismissing the action as to the Indemnity Company, but overruling the demurrer as to the defendant, Alvin R. Jackson. It was alleged that certified copies of these instruments were attached to the petition as exhibits, but they are not shown to have been certified. It appears that they were filed in the District Court of Oklahoma County. The pleas of the defendants were duly verified.

The plaintiff elected to treat the defendants' special appearance and pleas to the jurisdiction of the court as answers and filed a reply thereto in which he denied the existence or rendition of the former judgment of the District Court of Oklahoma County. The replies were not verified. Thereafter, the plaintiff filed a motion to strike defendants' motions to quash in the present case, but these motions were overruled.

The defendants' pleas to the jurisdiction and venue were sustained. The plaintiff excepted and gave notice of appeal.

█ It is admitted that the plaintiff is a resident of Cleveland County; that Alvin R. Jackson is a resident of Oklahoma County and that the Indemnity Company is a foreign corporation which has domesticated in Oklahoma and could be sued in Cleveland County under the following circumstances: Sec. 426, 15 O.S.1951, provides that:

"One who indemnifies another against an act to be done by the latter, .

880

is liable jointly with the person indemnified, and separately to every person injured by such act."

Sec. 137, 12 O.S.1951, provides, in part, as follows:

" * * * if such defendant be a foreign insurance company the action may be brought in any county where such cause of action, or any part thereof, arose, or where the plaintiff resides or where such company has an agent."

"A right of action may be brought under the provisions of this Act in any county of the State in which the plaintiff is a resident, or in any county of the State wherein a cause of action may arise." 36 O.S.1951, § 113.

A copy of the amended petition of the plaintiff filed in the Oklahoma County District Court in 1948 and to which defendants demurred, after alleging that the Indemnity Company was a New York corporation domesticated in Oklahoma, contains the following:

"That the defendant, Alvin R. Jackson, is a practicing physician and surgeon in the City of Oklahoma City and State of Oklahoma, and that heretofore the London and Lancashire Indemnity Company of New York made an indemnity insurance contract with the defendant, Alvin R. Jackson."

Judgment is prayed for against each defendant. There is no allegation in regard to the contract except that quoted above. It does not allege that the contract was in effect when plaintiff's hand was treated by the defendant, Jackson. There is no allegation as to the nature and terms of the indemnity contract and nothing to indicate that it was a contract insuring Dr. Jackson's patients against negligent acts by him or that the indemnity contract contained any provisions that would or did protect the plaintiff in any way against the alleged negligent acts of Dr. Jackson. Such was the petition before the District Court of Oklahoma County when it sustained the demurrer of the Indemnity Company.

The order sustaining the demurrer in favor of the Indemnity Company and dis-

missing the action as to that defendant was not appealed from and became final. That left only one defendant, Dr. Jackson, an admitted resident of Oklahoma County. The plaintiff voluntarily dismissed the action in Oklahoma County and re-filed it in Cleveland County making Dr. Jackson and the Indemnity Company defendants.

In the petition filed in Cleveland County the plaintiff alleged that in 1945 the Indemnity Company entered into a written contract with Dr. Jackson "for the benefit of this plaintiff" and that it was in force on the 15th day of October 1945 when plaintiff's injury occurred, but there were no such allegations in plaintiff's petition filed in Oklahoma County and to which the court sustained a demurrer in favor of the Indemnity Company.

In the present action in the District Court of Cleveland County each defendant filed a motion to quash and a special appearance and denial of jurisdiction of the court and venue, alleging that Dr. Jackson was not a resident of Cleveland County and that the action was formerly filed in Oklahoma County against the same defendants where they filed a general demurrer to the petition of the plaintiff which was sustained as to the Indemnity Company. It was alleged that certified copies of the petition and order of the court sustaining the demurrer and dismissing the action in the District Court of Cleveland County were being attached to the special pleas of the defendants and made a part of their pleadings.

The pleading was duly verified, but the exhibits attached thereto were not certified as true copies. The order sustaining the demurrer is signed "Lewis R. Morris, District Judge" and bears the notation "O.K. Roy N. Lewis, Attorney for Plaintiff", and "Draper Grigsby, Attorney for the Defendants".

The plaintiff treated the special appearances as answers and filed a reply thereto denying that the judgment pleaded by the defendants was ever rendered and then pleaded a general denial. Plaintiff then filed a motion to strike defendants' motions to quash. This motion was overruled, but defendants' special appearances and

denials of jurisdiction and venue were sustained and plaintiff excepted and gave notice of appeal. The minutes show that each party appeared by counsel and presented argument in support of their contentions. The date of these proceedings was January 3, 1951, and the journal entry was filed January 6, 1951.

The record shows that the plaintiff offered no evidence whatever to support his allegation that the District Court of Oklahoma County had never entered the order sustaining a demurrer and dismissing the action against the Indemnity Company. Plaintiff made no objection to the exhibits pleaded by the defendants because they were not certified to by the Clerk of the District Court of Oklahoma County. There is no record to show that any offer of evidence to prove these allegations was made by the plaintiff, although the journal entry recites that the court heard argument at the hearings.

In the absence of proof or offer of proof to support the statements made in the record, we do not deem it necessary to consider such contention. We do not find that the plaintiff was denied any constitutional rights by being deprived of property without due process of law.

The exhibits attached to the verified special appearances and objection to the jurisdiction filed by the Indemnity Company show that in the District Court of Oklahoma County a demurrer to the amended petition of plaintiff was sustained, and the case dismissed. The reply filed by the plaintiff was not verified and did not put in issue the allegations of the Indemnity Company to the effect that it could not be sued again on the same cause of action.

In Exendine v. Iron, 153 Okl. 177, 4 P.2d 1035, the rule is announced in the fifth syllabus as follows:

"An unverified general denial in an answer does not put in issue the execution of a journal entry of judgment of a county court properly pleaded in a petition, and, under the provisions of section 287, C.O.S.1921 [12 O.S.1951 § 286], the execution thereof shall be taken as true."

The question is as to whether or not the order of the District Court of Oklahoma County sustaining the general demurrer of the Indemnity Company and dismissing the case as to it, is such a judgment as may be set up by it to bar another suit against it on the same cause of action. This Court has held that an order sustaining a general demurrer and dismissing the action is such judgment as will be considered a judgment "on the merits". In the case of Christner v. Christner, 203 Okl. 581, 224 P.2d 594, 596, it was said in the body of the opinion.

"The effect of sustaining a demurrer to a petition and dismissing the action upon the refusal of plaintiff to replead is the same as if the case had been tried by a court and jury and issues found for defendant. Custer v. Kroeger, 313 Mo. 130, 280 S.W. 1035, 44 A.L.R. 1328. To the same effect are annotations following 13 A.L.R. 1104 and 106 A.L.R. 437. The Oklahoma cases are annotated in both the A.L.R. citations. We know of no authority to the contrary and none are cited."

See also Hutchings v. Zumbrunn, 86 Okl. 226, 208 P. 224.

In Stuckwish v. St. Louis-San Francisco Ry. Co., 177 Okl. 361, 59 P.2d 285, 286, it was said in the second syllabus:

"2. When a second suit is between the same parties or their privies, and upon the same cause of action as a prior suit, the judgment in the first is an adjudication not only as to every question, issue, and fact, which was, but also upon those which might have been, presented in the first suit."

In Kiniry v. Davis, 82 Okl. 211, 200 P. 439, it was said in the first syllabus:

"1. A judgment or decree, rendered on demurrer to a material pleading on the ground that the facts therein stated are insufficient in law, is as conclusive of the matters and things confessed by the demurrer as a verdict finding the same facts to be true; and such a judgment or decree, unappealed from, becomes a final judgment or decree upon the merits. Corrugated Culvert Co.

v. Simpson Tp., 51 Okl. 178, 151 P. 854, 4 A.L.R. 1170."

Since we have concluded that a judgment rendered sustaining a general demurrer and dismissing the action upon the election of the plaintiff to stand upon the petition is such a judgment as will bar a second suit upon the same cause of action, we find no error in the action of the District Court of Cleveland County in sustaining the special appearances of both defendants denying jurisdiction of that court and venue. Judgment affirmed.

CORN, ARNOLD, O'NEAL, WILLIAMS, JJ., concur.

WELCH and BLACKBIRD, JJ., dissent.